UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN R. BURNS, FLORENCE J. BURNS LEONARD BOUCHARD; ALICE CAMBRA, SUSAN M. FERREIRA, RAYMOND GAGNON, CORRINE GAGNON, ANTONIO M. GUILHERME, WILLIAM HILL, SR., JOANN HILL, MICHAEL LEBEAU, CARRIE LEBEAU, CAROL A. MATTHEWS, KAREN OLIVEIRA, RICHARD RAPOZA, LAUREN RAPOZA, GRANT R. SCHOFIELD, ELIZABETH TOKARZ-MACIEL and MARISSA MACIEL, ppa. ELIZABETH TOKARZ-MACIEL, Mother and Next Friend of Marissa Maciel, a Minor, MELANIE CREADOR, ROBERT CREADOR LUIS RESENDES, LOUISE RESENDES, LUIS RESENDES, JR., LINDA RESENDES, DANIEL SCHREFFLER, AND DAVID A. TAVARES, Plaintiffs, | : | C.A. No. 05-274T (Related Case No. 05-221T) |
| v. | : | |
| NEW ENGLAND GAS COMPANY, formerly known as FALL RIVER GAS COMPANY, Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

Defendant New England Gas Company (improperly sued as "New England Gas Company, Inc."), an unincorporated division of Southern Union Company ("NEGasCo"), hereby objects to Plaintiffs' motion to remand. The grounds for this objection are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
July 11, 2005

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

By: ______________________
John A. Tarantino (#2586)
David A. Wollin (#4950)
Patricia K. Rocha (#2793)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**WATSON, BISHOP, LONDON & BROPHY**
Christina Dodds
The Littlefield Building
106 E. 6th Street, Suite 700
Austin, Texas 78701
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2005, a copy of the foregoing was mailed first class U.S. postage/~~hand delivered~~ to the following:

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914

*338462_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN R. BURNS, FLORENCE J. BURNS LEONARD BOUCHARD; ALICE CAMBRA, SUSAN M. FERREIRA, RAYMOND GAGNON, CORRINE GAGNON, ANTONIO M. GUILHERME, WILLIAM HILL, SR., JOANN HILL, MICHAEL LEBEAU, CARRIE LEBEAU, CAROL A. MATTHEWS, KAREN OLIVEIRA, RICHARD RAPOZA, LAUREN RAPOZA, GRANT R. SCHOFIELD, ELIZABETH TOKARZ-MACIEL and MARISSA MACIEL, ppa. ELIZABETH TOKARZ-MACIEL, Mother and Next Friend of Marissa Maciel, a Minor, MELANIE CREADOR, ROBERT CREADOR LUIS RESENDES, LOUISE RESENDES, LUIS RESENDES, JR., LINDA RESENDES, DANIEL SCHREFFLER, AND DAVID A. TAVARES, Plaintiffs, | : | C.A. No. 05-274T (Related Case No. 05-221T) |
| v. | : | |
| NEW ENGLAND GAS COMPANY, formerly known as FALL RIVER GAS COMPANY, Defendant. | : | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S MEMORANDUM <u>OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>**

Defendant New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), respectfully submits this memorandum of law in opposition to Plaintiffs' Motion to Remand the above-captioned matter to the Superior Court of the State of Rhode Island.

Plaintiffs' motion presents the identical arguments and issues as presented in the fully briefed remand motion filed by Plaintiffs in the related case of Corvello, et al. v. New England Gas Company, Inc., (the "Corvello Case"). For the reasons set forth herein and in NEGasCo.'s opposition in the Corvello Case, both motions to remand should be denied.[1]

## PRELIMINARY STATEMENT

Plaintiffs contend that this action should be remanded to the Superior Court of the State of Rhode Island for lack of diversity jurisdiction. Plaintiffs' contention is meritless.

It is undisputed that NEGasCo has been an unincorporated division of Southern Union since it was acquired by Southern Union in 2000, some five years before Plaintiffs served this lawsuit. It is also undisputed that Southern Union is a Delaware corporation, with its principal place of business in Pennsylvania, and that as such, it is diverse from Plaintiffs.

In arguing for remand, Plaintiffs fail to call to this Court's attention, much less distinguish, uniform federal case law throughout the country holding that for the purposes of diversity jurisdiction, the citizenship of an unincorporated division of a corporation -- like NEGasCo -- is that of the corporation itself. This fundamental proposition of corporate citizenship is grounded in 28 U.S.C. §1332(c)(1) and the fact that a corporate division has no separate legal existence from the corporation of which it is a part.

Rather than address the controlling statute and case law, Plaintiffs cite this Court to a series of cases and legal propositions that have nothing to do with the issue at hand

[1] On this motion, Plaintiffs have essentially copied, word for word, Plaintiffs' brief in the Corvello Case, including footnote 4, which asserts, quite inaccurately, that NEGasCo has not removed this action.

because those cases and principles relate to separately incorporated subsidiaries or separately incorporated divisions.

Accordingly, the indisputable law of diversity jurisdiction applicable to unincorporated divisions requires denial of the remand motion in its entirety.

## FACTS

This action arises out of the alleged contamination of soil on Plaintiffs' properties in Tiverton, Rhode Island, which Plaintiffs claim was caused by the disposal of coal gasification waste generated by a former manufactured gas plant owned by NEGasCo's predecessor, Fall River Gas Company. On June 21, 2005, NEGasCo removed this action from the Superior Court of the State of Rhode Island to this Court, based on the Court's original jurisdiction founded upon the parties' complete diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).

In their Motion to Remand, Plaintiffs overlook the undisputed facts that are dispositive of this jurisdictional issue: NEGasCo is an unincorporated division of Southern Union, and Southern Union is incorporated in Delaware and has its principal place of business in Pennsylvania.

As set-forth below, these facts compel only one result under the well established law: there is complete diversity of citizenship between the parties.

## ARGUMENT

### I.

### PLAINTIFFS' ARGUMENT IGNORES WELL-ESTABLISHED LAW

As in the Corvello Case, Plaintiffs contend that the citizenship of NEGasCo, for the purposes of determining diversity jurisdiction, should be determined by where NEGasCo has its "locus of operation." And, as in the Corvello Case, Plaintiffs' contention ignores uniform, well-established federal law that a unincorporated division, like NEGasCo, bears the citizenship of the corporation of which it is a part -- Southern Union.

### A. The Citizenship Of An Unincorporated Division Is That Of The Corporation of Which It Is Part

The citizenship of an unincorporated division of a corporation for the purposes of determining diversity is the citizenship of the corporation of which it is a part. Wisconsin Knife Work v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986); Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279, 284 (6th Cir. 1990) (noting unincorporated division is not independent entity separate from its corporate parent for purposes of diversity); Durove v. Fabian Transport, Inc., No. 04 Civ. 7000, 2004 U.S. Dist. LEXIS 25258, at *8-9 (S.D.N.Y. Dec. 14, 2004) ("For purposes of determining diversity, the state of citizenship of an unincorporated division of a corporation is the same as the corporation that owns the division . . ."); Digital Financial Services v. The Hemini Corporation, No. 97C4661, 1997 U.S. Dist. LEXIS 9555, at *2 (N.D.Ill. Jul. 2, 1997) (diversity jurisdiction inadequately pled because "a corporate 'division' is not itself a corporation. Hence, the allegations regarding . . . [the division's] state of incorporation [sic] and its principal place of business are really irrelevant to the

determination of diversity jurisdiction -- instead the dual corporate citizenship of [the parent] as defined by 1332(c)(1) must be specified").

In Breitman v. May Company California, 37 F.3d 562, 564 (9th Cir. 1994), the Ninth Circuit explained that "the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction," because "[a] division of a corporation does not possess the formal separateness upon which the general rule [regarding incorporated subsidiaries] is based . . . ." Thus, the court affirmed the district court's finding of diversity jurisdiction based on the citizenship of plaintiff and of the defendant corporation of which it was part because "[a] division of a corporation . . . is not an independent entity for jurisdictional purposes." Id. (citing Schwartz, 913 F.2d at 284).

Similarly, the First Circuit has recognized the dispositive distinction between the citizenship of an incorporated subsidiary and that of an unincorporated division, like NEGasCo. In Topp v. Compair, Inc, 814 F.2d 830, 835 (1st Cir. 1987), the court held that the citizenship of an incorporated subsidiary is separate and apart from its corporate parent. The court expressly distinguished the rule applicable to an incorporated subsidiary from that applicable to an unincorporated division, holding that "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." Id. at 835. As the court reasoned, if this were not so, "every independently incorporated, wholly owned subsidiary which is part of a large conglomerate would be treated (for diversity jurisdiction purposes) as a mere division of a large company rather than a separate corporation." Id. Indeed, in the Corvello Plaintiffs' reply to NEGasCo's opposition to

their identical remand motion, they acknowledge that the First Circuit has never equated an unincorporated division with a separately incorporated subsidiary in determining citizenship for diversity purposes, and they do not even attempt to distinguish the above-referenced cases specifically addressing the citizenship of unincorporated divisions.

Here, Plaintiffs concede that NEGasCo is an unincorporated division of Southern Union (see Pl. Mem. at fn.2). Accordingly, it is beyond dispute that NEGasCo's citizenship is that of Southern Union for purposes of diversity, and thus Plaintiffs' motion to remand must be denied.

**B. The "Locus Of Operations" Test Is Not Applicable To An Unincorporated Division**

Despite the fact that NEGasCo is an unincorporated division of Southern Union, Plaintiffs urge this Court to apply a "locus of operations" test when determining diversity jurisdiction. Such a test has never been applied to an unincorporated division of a corporation for purposes of determining diversity jurisdiction. Indeed, Plaintiffs fail to cite a single case to support the contention that such a test has any application to an unincorporated division. Instead, Plaintiffs rely entirely on Diaz-Rodriguez v. Pep Boys Corp., No. 04-1688, 2005 WL 1316358 (1st Cir. June 3, 2005), which is wholly inapplicable.

In Diaz-Rodriguez, the sole issue before the court was whether to employ the locus of operations test to determine the principal place of business of an incorporated subsidiary of a corporation. 2005 WL 1316358, at *3-5. Here, it is undisputed that NEGasCo is not incorporated. Thus, the locus of operations test has no application to this motion.

**C. Plaintiffs' Contention That NEGasCo Is The "Real And Substantial Party In Interest" Is Also Misplaced**

Plaintiffs contend that although NEGasCo is not a corporate entity, it nevertheless should be treated as an entity separate from Southern Union for purposes of determining diversity jurisdiction because NEGasCo has purportedly held itself out as such, and thus is the "real party in interest." Plaintiffs' argument is a red-herring, and the cases upon which Plaintiffs rely do not support this unfounded theory.

In Payphone LLC v. Brooks Fiber Communications of R.I., defendant, an incorporated subsidiary, attempted to achieve diversity jurisdiction by attributing to itself the citizenship of its great-grandparent corporation. 126 F. Supp.2d 175 (D.R.I. 2001). The court rejected this effort, holding that an incorporated subsidiary could not pierce its own corporate identity and adopt the separate corporate identity of its great-grandparent for purposes of achieving diversity jurisdiction. Id. at 177. Similarly, in Roche v. Lincoln Property Company, upon which Plaintiffs also rely, the court held that a corporate parent and its incorporated subsidiaries may not manipulate federal diversity jurisdiction by litigating cases in the name of the other where the real party in interest is not diverse. 373 F.3d 610, 614-15 (4th Cir. 2004).

These cases merely stand for the proposition that an incorporated subsidiary may not ignore its own corporate identity to achieve or destroy diversity jurisdiction.[2] This principle has no application to an unincorporated division like NEGasCo.[3]

2 Moreover, the court's statement in Roche, that "the real and substantial party in interest is the Virginia subsidiary, be it a partnership, corporation or otherwise, rather than… the parent company," 373 F.3d at 620-21, does not, as Plaintiffs suggest, "open[ ] the door to the notion that a division and its parent company are not necessarily a single actor." (Pl. Mem. at 9). The reason for the court's use of "otherwise" was simply because it was not clear whether the defendant was structured

II.

PLAINTIFFS' REQUEST FOR DISCOVERY SHOULD BE DENIED

Parroting the arguments made by the Corvello plaintiffs, Plaintiffs argue that NEGasCo is attempting to avoid a purported corporate distinction between itself and Southern Union, and that discovery should be conducted into the nature of the business relationship between the parent and its division in order to determine, by application of the factors set forth in deWalker v. Pueble International, Inc., 589 F.2d 1169, 1171 (1st Cir. 1978), whether the two entities in fact observe corporate formalities. However, the deWalker factors do not apply in the case of unincorporated divisions, where there is simply no corporate formality to be observed or avoided.[4]

Here, no discovery is needed as there is no dispute as to NEGasCo' status as an unincorporated division, or Southern Union' citizenship.

---

as a corporation or a partnership. Id. What is clear is that the court nowhere insinuates that this same reasoning could apply to an unincorporated division.

3 Likewise meritless is Plaintiffs' contention that since this case purportedly concerns "intrastate matters," its removal is inconsistent with the "historical intent of the removal statute." (Pl. Mem. at 9-10). The right to remove a case from state court to federal court is "purely statutory," with specific requirements that must be satisfied before removal may be achieved. 14B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed. 1998). Here, the requirements of 28 U.S.C. §§ 1332 and 1441(b) have been satisfied. Plaintiffs' citation to 28 U.S.C. § 1442 is mistaken as it concerns federal officers and federal agencies. Finally, to the extent that the original removal policy protective of out of state parties bears consideration, it supports removal jurisdiction here where Southern Union is the corporation that would be liable for any judgment.

4 In deWalker, the court applied four factors to determine whether an incorporated subsidiary should be treated as separate and distinct from its parent corporation for purposes of determining diversity jurisdiction: whether the two entities (1) were separately incorporated, (2) had separate boards of directors, (3) kept separate accounting and tax records; and (4) had separate facilities and operating personnel. 589 F.2d at 1172-73.

## CONCLUSION

Plaintiffs have ignored pertinent law, and relied instead on authorities inapplicable to an unincorporated division. For the foregoing reasons and those set forth in NEGasCo's opposition to Plaintiffs' remand motion in the Corvello Case, Plaintiffs' Motion to Remand and for related discovery should be denied.

Dated: Providence, Rhode Island
July 11, 2005

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**WATSON, BISHOP, LONDON & BROPHY**
Christina Dodds
The Littlefield Building
106 E. 6th Street, Suite 700
Austin, Texas 78701
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2005, a copy of the foregoing was mailed first class U.S. postage/~~hand delivered~~ to the following:

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914

*338496_1.doc*