UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN BURNS, FLORENCE BURNS, et al.<br><br>Plaintiff<br>VS.<br><br>NEW ENGLAND GAS COMPANY, formerly known as FALL RIVER GAS COMPANY, an unincorporated division of SOUTHERN UNION COMPANY<br>Defendant | C.A.No.: 05-274T<br>(Related Cases: 05-370T; 05-221T; 05-222T) |

**STATEMENT ENUMERATING ELEMENTS**
**TO BE PROVED IN PLAINTIFFS' CLAIMS**

A. Negligence

In order to establish a prima facia case of negligence the plaintiffs must show:

4) that the defendants, Southern Union owed a duty of care to the plaintiffs

5) that Southern Union breached that duty of care by allowing coal gasification toxic waste materials to be transferred and deposited on the subject property

6) that defendants negligent acts constituted the proximate cause of the plaintiffs injuries; and

7) that the plaintiffs suffered actual damages. (See Volpe Fleet National Bank 710 A.2d 661, 663, RI (1998)).

B. Strict Liability

In order to establish a prima facia case, plaintiffs must prove:

1) that Southern Union, or its predecessor knowingly engaged in an abnormally

dangerous activity and/or whether defendant caused an abnormally dangerous activity to exist. Splendorio v. Bilray Demolition Co., Inc., 682 A.2d 461, 465 (R.I. 1996).

2) That the transfer and deposit of coal gasification waste created an unreasonable risk of harm;

3) that the defendant knew or should have known that the by products of coal gasification including lead, arsenic or cyanide were dangerous substances

4) that there existed a high degree of risk of harm to the plaintiffs, the plaintiffs' land or the property of the plaintiffs;

5) that the likelihood that the harm that results from it will be great;

6) that the defendants was unable to eliminate the risk by the exercise of reasonable care;

7) that the dumping of coal gasification products is not a matter of common usage;

8) the inappropriateness of dumping coal gasification by products on plaintiffs' land;

9) whether the value to the community is out weighed by its dangerous attributes. (See Hydro Manufacturing Inc. v. Roth Corp. 640 A.2d 950, (RI 1994); Wood v. Picillo 443 A.2d 1244 (RI 1982))

C. Public Nuisance

In order to establish a prima facia case, plaintiffs must prove:

1) that the defendants unreasonably interfered with a right common to the

general public including their health, safety, peace, comfort or convenience. (See Hydro Manufacturing Inc. v. Roth Corp. 640 A.2d 950, (RI 1994))

2) the plaintiffs must prove that he or she has suffered some special damage that is distinct from the harm common to the general public;

3) the plaintiffs must prove that he or she was injured by the nuisance and that the defendants either unlawfully caused the condition from which the alleged nuisance resulted or had control over the circumstances which produced it; Friends of the Sakonnet v. Dutra 749, Fed. Sup. 381 (D.R.I. 1990)

D. Punitive Damages:

In order to establish a prima facia case, plaintiffs must prove:

1) that the coal gasification waste material contained lead, arsenic, cyanide and other hazardous substances;

2) that the defendants knew or should have known that the hazardous substances would cause harm and that the defendants knew or should have known that there was a high degree of risk associated with the handling, disposal and/or release of the hazardous substances.

3) that the actions of the defendant were done maliciously, in bad faith, and were of an extreme nature Holmes v. Bateson 434 Fed. Sup. 1365 (D.R.I. 1977); (malice, wantonness or willfulness required of defendant must be of extreme nature).

Plaintiffs
By Their Attorneys,

BRIAN CUNHA & ASSOCIATES
/s/
Brian R. Cunha, Esquire (#4074)
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that all counsel of record are so registered.

/s/ Brian R. Cunha
Dated: November 14, 2006 Brian R. Cunha, Esq.