**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KEVIN BURNS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant/Third Party Plaintiff,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; DOMINION ENERGY BRAYTON POINT LLC; and CITY OF FALL RIVER,<br><br>Third-Party Defendants. | C.A. No. 05-274T<br>(Related Cases: 05-221T; 05-370T; 05-522T)<br><br>**<u>THIRD-PARTY COMPLAINT AS AGAINST CITY OF FALL RIVER</u>** |

Third-Party Plaintiff, New England Gas Company, by and through its attorneys, Adler, Pollock & Sheehan, PC, Kasowitz, Benson, Torres & Friedman LLP, and Hinckley, Allen & Snyder LLP, as and for its third-party complaint against defendant City of Fall River, alleges as follows:

**<u>THE PARTIES</u>**

1. Third-party plaintiff, New England Gas Company ("NEGasCo"), is an unincorporated division of Southern Union Company ("Southern Union"). Southern Union is a Delaware corporation with its principal place of business in Houston, Texas.

2. Third-party defendant City of Fall River ("Fall River") is a municipal corporation and a public subdivision of the State of Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367. Third-party defendant Fall River is subject to jurisdiction in Rhode Island based on its minimum contacts with the forum.

4. Venue is properly founded in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS**

5. Plaintiffs own property and/or reside in Tiverton, Rhode Island (the "Bay Street Area"). Plaintiffs allege that their properties are contaminated by material allegedly generated by one or more manufactured gas plant facilities owned and operated by the Fall River Gas Company prior to its acquisition by NEGasCo. A true and accurate copy of plaintiffs' Complaint is annexed hereto as Exhibit A.

6. NEGasCo denies that any of the alleged contamination of plaintiffs' properties came from the Fall River Gas Company. NEGasCo further denies any liability for the injuries and damages alleged by the plaintiffs and asserts that third-party defendant Fall River is responsible for all or part of the alleged contamination.

7. NEGasCo brings this third-party complaint for contribution and/or indemnification against Fall River if, and to the extent, NEGasCo is liable to plaintiffs in this action. Each and every claim herein for contribution and/or indemnification is brought separately with respect to the claim of each plaintiff, and is combined herein solely for practical convenience as each is a separate, independent claim herein.

Factual Allegations As Against Third-Party Defendant City Of Fall River

8. Upon information and belief, third-party defendant Fall River acquired the former State Coal Company Lot in or about 1980 for the southward expansion of the Fall River Water Treatment Facility (the "WTF").

9. Upon information and belief, the allegedly contaminated dirt from the expansion of the WTF, which included the former State Coal Company Lot, was deposited and/or distributed in the Bay Street Area by or on behalf of Fall River.

10. Though not a legal requirement for maintenance of this claim, Fall River's conduct does not fall within the discretionary functions exception to imposing liability upon Fall River.

11. Though not a legal requirement for maintenance of this claim, Fall River breached a special duty it owed to plaintiffs and engaged in egregious activities at the time that the conduct complained of was committed.

12. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Fall River for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

**FIRST CAUSE OF ACTION**

(Contribution As Against Fall River)

13. NEGasCo repeats and realleges Paragraphs 1 through 12 as if fully set forth herein.

14. To the extent that plaintiffs recover a judgment against NEGasCo, NEGasCo will be damaged and Fall River will therefore be liable to NEGasCo for all or

part of the monies paid by NEGasCo, or for such proportionate part thereof that is attributable to the negligence or wrongful conduct of Fall River, together with the costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

**SECOND CAUSE OF ACTION**

(Indemnification As Against Fall River)

15. NEGasCo repeats and realleges Paragraphs 1 through 14 as if fully set forth herein.

16. In the event that plaintiffs recover a judgment against NEGasCo, any such liability on the part of NEGasCo, by operation of law or otherwise, will have been caused and brought about by the negligence, carelessness and/or wrongful conduct of Fall River, its agents, servants and employees, and not by any negligence, carelessness and/or wrongful conduct on the part of NEGasCo, its agents, servants or employees.

17. By reason of the foregoing, Fall River is primarily liable for any injuries or damages that were sustained by plaintiffs, and therefore Fall River is required to indemnify and hold harmless NEGasCo for any damages it may sustain by reason of being found liable to plaintiffs.

**JURY TRIAL REQUEST**

NEGasCo hereby requests a trial by jury of all issues triable to a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, NEGasCo demands judgment against Fall River for contribution and/or indemnification, in whole or in part, for any and all moneys that may be paid by NEGasCo arising from plaintiffs' lawsuit, together with the costs and disbursements of this action, and such further relief as this Court believes to be just and proper.

Dated: _______________

ADLER POLLOCK & SHEEHAN P.C.

By:______________________________

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizen Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, NY 10019
(212) 506-1700

-and-

BISHOP, LONDON, BROPHY & DODDS
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, TX 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (# 2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*