UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN BURNS, et al., Plaintiffs<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, Defendant and Third-party Plaintiff<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC. and DOMINION ENERGY BRAYTON POINT LLC, Third-party Defendants | ) | C.A. No. 05-0274T (related cases: 05-521T, 05-370T, 05-522T) |

**ANSWER OF THIRD-PARTY DEFENDANTS BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC AND BRIDGESTONE AMERICAS HOLDINGS, INC.**

Third-party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. respond to the allegations of the Third-party Complaint as follows:

**FIRST DEFENSE**

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 3 through 8, 11 and 12.

2. Deny the allegations of paragraphs 2 and 14 through 17.

3. Paragraphs 9 and 10 allege legal conclusions for which no response is necessary; to the extent a response may be required, deny the allegations of those paragraphs.

4. Answering the allegations of paragraph 13, admit that New England Gas Company (hereinafter "NEGas Co.") has filed a Third-party Complaint against eight third-party defendants, including Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.; except as admitted, deny the allegations of that paragraph and any and all alleged liability to NEGas Co. or to any of the plaintiffs in the principal action.

5. Paragraphs 18 through 44 of the Third-party Complaint are directed to parties other than Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. and, therefore, require no response; to the extent a response may be required, lack knowledge or information sufficient to form a belief as to the truth of the allegations of those paragraphs.

6. Answering paragraph 45, repeat and reallege their responses to paragraphs 1 through 44 of the Third-party Complaint.

7. Answering paragraphs 46, 48 and 49, deny the allegations insofar as they relate to Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. To the extent that those paragraphs refer to other parties, lack knowledge or information sufficient to form a belief as to the truth of those paragraphs.

8. Answering paragraph 47, repeat and reallege their responses to paragraphs 1 through 46 of the Third-party Complaint.

**SECOND DEFENSE**

9. NEGas Co. fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

10. NEGas Co.'s liability to plaintiffs and/or plaintiffs' alleged damages, if any, resulted from the acts, errors or omissions of NEGas Co.

**FOURTH DEFENSE**

11. Plaintiffs' alleged damages, if any, resulted from the acts, errors or omissions of plaintiffs.

**FIFTH DEFENSE**

12. NEGas Co.'s liability to plaintiffs and/or plaintiffs' alleged damages, if any, resulted from the acts, errors or omissions of others for whose conduct Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. are not responsible.

**SIXTH DEFENSE**

13. NEGas Co.'s and/or plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

**SEVENTH DEFENSE**

14. NEGas Co.'s claims are barred by the independent contractor doctrine.

**EIGHTH DEFENSE**

15. NEGas Co.'s claims are barred by the doctrine of unclean hands.

**NINTH DEFENSE**

16. NEGas Co.'s claims are barred in whole or in part by issue preclusion, collateral estoppel or res judicata. RIDEM has already determined that NEGas Co. is responsible for the contamination at issue.

**TENTH DEFENSE**

17. NEGas Co.'s claims are not ripe for adjudication.

**ELEVENTH DEFENSE**

18. NEGas Co.'s claims are barred by the doctrine of laches.

**TWELFTH DEFENSE**

19. NEGas Co.'s claims are barred by the doctrine of waiver.

**THIRTEENTH DEFENSE**

20. NEGas Co.'s claims are barred by the doctrine of estoppel.

**FOURTEENTH DEFENSE**

21. NEGas Co. has failed to mitigate, reduce or otherwise avoid its alleged costs and damages. As a result, any damages awarded should be barred or reduced accordingly.

**FIFTEENTH DEFENSE**

22. The damages alleged by NEGas Co., which Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. deny, were not caused or contributed to by Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc., and if there were any damages, which Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. deny, Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. are not responsible for these damages.

**SIXTEENTH DEFENSE**

23. NEGas Co. cannot recover against Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. because the alleged damages, if any, were caused by the acts, errors or omissions of third parties other than

Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc., over whom Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. had no authority or control.

**SEVENTEENTH DEFENSE**

24. NEGas Co. cannot recover against Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. and/or any damages should be reduced, because these damages, if any, were proximately caused by unforeseeable, independent, and/or superseding events beyond the control of and unrelated to any actions or conduct of Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc..

**EIGHTEENTH DEFENSE**

25. The Third-party Complaint fails to include all indispensable and/or necessary parties for the just and complete adjudication of the matters alleged in the Third-party Complaint.

**NINETEENTH DEFENSE**

26. The Third-party Complaint is barred because NEGas Co. failed to exhaust its remedies and has not performed all necessary conditions precedent or satisfied the jurisdictional prerequisites required prior to filing the Third-party Complaint.

**TWENTIETH DEFENSE**

27. The subject matter of the Third-party Complaint is within the primary jurisdiction of the Rhode Island Department of Environmental Management ("RIDEM"). The Court should defer to RIDEM's conclusions concerning responsibility for the contamination at issue in this case because RIDEM is better suited to resolve that issue by virtue of its administrative expertise in the subject matter, and because RIDEM is the

administrative agency responsible for interpreting and applying relevant Rhode Island law.

**TWENTY-FIRST DEFENSE**

28. NEGas Co.'s claims premised on theories of agency are barred against Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. because no employee, "servant" or agent of Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. was authorized by Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. to commit the relevant acts alleged in the Third-party Complaint.

**TWENTY-SECOND DEFENSE**

29. At all relevant times, Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. complied with all then–applicable laws and regulations, and claims asserted by NEGas Co. are, therefore, barred and/or preempted under state or federal law, or both.

**TWENTY-THIRD DEFENSE**

30. Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. hereby adopt and incorporate by reference any and all other affirmative defenses asserted by any other defendants, cross-defendants or third-party defendants in this proceeding to the extent that Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. may share in such affirmative defenses.

**TWENTY-FOURTH DEFENSE**

31. Bridgestone Firestone North American Tire, LLC and Bridgestone

Americas Holdings, Inc. reserve the right to assert and rely on any additional affirmative defenses as may become available or apparent during discovery proceedings and/or trial.

## TWENTY-FIFTH DEFENSE

32. In the event that Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. are found to have any liability to NEGas Co., Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. are entitled to an offset against any such liability on their part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Third-party Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Third-party Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Third-party Complaint.

WHEREFORE, third-party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. demand judgment in their favor dismissing the claims of third-party plaintiff New England Gas Company, together with interest, costs, attorneys' fees, and all such other relief as this Court deems just and proper.

Third-party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. demand a trial by jury on all issues so triable.

/s/ Benjamin V. White
Benjamin V. White, Esq., No. 1652
Kimberly A. Simpson, Esq., No. 4803
VETTER & WHITE
Attorneys for Third-party Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
ksimpson@vetterandwhite.com

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue – Suite 950
Oakland, California 94612
(510) 465-5750
(510) 465-5697 FAX
bwick@ww-envlaw.com

Dated: October 31, 2007

**CERTIFICATE OF SERVICE**

Gregory L. Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com

David A. Cetola, Esq.
McRoberts, Roberts and Rainer LLP
53 State Street
Boston, MA 02109
dcetola@mcrobertslaw.com

Seth Davis, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746
CDodds@bishoplondon.com

Susan B. Forcier, Esq.
R.I. Dept. of Environmental Management
Office of Legal Services
235 Promenade Street – 4th Floor
Providence, RI 02908
susan.wilson@dem.ri.gov

Eric D. Herschmann, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
eherschmann@kasowitz.com

Heather Spurlock Kennealy, Esq.
McRoberts, Roberts and Rainer, LLP
53 State Street
Boston, MA 02109
hskennealy@mcrobertslaw.com

Noelle Kowalczyk, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019

Neil T. Leifer, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
nleifer@tenlaw.com

Robin-Lee Main, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza – Suite 1500
Providence, RI 02903-0819
rmain@haslaw.com

John J. McConnell, Jr., Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jmcconnell@motleyrice.com

Robert J. McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
bmcconnell@motleyrice.com

Brad J. Mitchell, Esq.
Thornton & Naumes LLC
100 Summer Street
Boston, MA 02110
bmitchell@tenlaw.com

Michael D. Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
mmitchell@admin.ri.gov

Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jorent@motleyrice.com

Gerald J. Petros, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza – Suite 1500
Providence, RI 02903
gpetros@haslaw.com

Mark W. Roberts, Esq.
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109
mroberts@mcrobertslaw.com

David E. Ross, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
dross@kasowitz.com

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903
psanford@burnslev.com

Gregory S. Schultz, Esq.
R.I. Dept. of Environmental Mgmt.
235 Promenade Street – 4th Floor
Providence, RI 02908
gregory.schultz@dem.ri.gov

Kristen W. Sherman, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903
ksherman@apslaw.com

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909
matthew@verdecchialaw.com

Aileen L. Sprague, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
asprague@motleyrice.com

Christian Stephens, Esq.
Taylor Duane Barton & Gilman
Ten Dorrance Street – Suite 700
Providence, RI 02903
cstephens@taylorduane.com

John A. Tarantino, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903
jtarantino@apslaw.com

Bruce Gregory Trucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
btucker@legalmgt.com

Christian F. Uehlein, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
cuehlein@tenlaw.com

Brian A. Wagner, Esq.
R.I. Dept. of Environmental Mgmt.
235 Promenade Street – 4th Floor
Providence, RI 02908
brian.wagner@dem.ri.gov

Craig R. Waksler, Esq.
Taylor, Duane, Barton & Gilman
Ten Dorrance Street – Suite 700
Providence, RI 02903
cwaksler@taylorduane.com

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
lewis.wiener@sablaw.com

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
dwillis@legalmgt.com

David A. Wollin, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903
dwollin@apslaw.com

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

James F. Stutts, Esq.
Vice President and General Counsel
Dominion Resources, Inc.
120 Tredegar Street
Richmond, VA 23219

Christopher P. McCormack, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
cmccormack@pullcom.com

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Jeffrey.Bromme@aporter.com

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue – Suite 950
Oakland, CA 94612
bwick@ww-envlaw.com

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903
Jeannescott@utrlaw.com

Thomas F. McGuire, Jr., Esq.
Corporation Counsel
City of Fall River
One Government Center – 6th Floor
Fall River, MA 02722

Thomas F. McGuire, Jr., Esq.
McGuire & Coughlin, P.C.
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tmcguire@meganet.net

Brian Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914
brian@briancunha.com

Paul Revere, III, Esq.
Law Office of Paul Revere, III
297 North Street – Suite 337
Hyannis, MA 02601
revereiii@aol.com

Charles K. Mone, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
cmone@campbell-trial-lawyers.com

Matthew B. Kirsner, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
matt.kirsner@troutmansanders.com

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036

Anthony J. Sbarra, Jr., Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
asbarra@campbell-trial-lawyers.com

I hereby certify that I electronically filed this Answer on October 31, 2007. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Benjamin V. White