UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

GAIL CORVELLO, JOHN D. CORVELLO :
and JOHN F. CORVELLO, et al., :
Plaintiffs, :
vs. : C.A. No. 05-221T (Lead Case)
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
Third-Party Defendants. :

---

KEVIN BURNS, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-274T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
Third-Party Defendants. :

---

COLLEEN BIGELOW, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-370T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third Party :
Plaintiff, :
:
:

vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
Third-Party Defendants. :
--------------------------------------------------

--------------------------------------------------
SHEILA REIS, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-522T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
Third-Party Defendants. :
--------------------------------------------------

**CITY OF FALL RIVER'S ANSWER TO THIRD-PARTY COMPLAINT AND JURY DEMAND**

Third-Party Defendant City of Fall River ("Defendant" or "Fall River") answers each separately numbered paragraph of the Third-Party Complaint As Against City of Fall River ("Third-Party Complaint") as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Admitted.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 5. Defendant denies the allegations of the third sentence of Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Defendant admits that in or about 1980 the Fall River Regional Wastewater Treatment Facility was expanded. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

**First Cause of Action (Contribution)**

13. Defendant incorporates by reference each of its responses to the allegations of Paragraphs 1 through 12, above.

14. Defendant denies the allegations of Paragraph 14.

**Second Cause of Action (Indemnification)**

15. Defendant incorporates by reference each of its responses to the allegations of Paragraphs 1 through 14, above.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

**FIRST AFFIRMATIVE DEFENSE**

New England Gas Company ("NEG") has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Defendant.

**THIRD AFFIRMATIVE DEFENSE**

In the interest of comity, the Court should decline to exercise jurisdiction over Defendant and/or should apply any and all defenses and limitations available to Defendant under Massachusetts law.

**FOURTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by the doctrine of sovereign immunity.

**FIFTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by the Massachusetts Tort Claims Act, ch. 258, including, but not limited to Section 10 thereof.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages recoverable by NEG are capped at $100,000 pursuant to Massachusetts law.

**SEVENTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by the discretionary function doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by the public duty doctrine.

**NINTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part because no special relationship exists or has ever existed between Defendant and NEG or Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

In the event Defendant is found to be negligent, NEG's claims are barred in whole or in part because any negligent acts by Defendant were not egregious.

**ELEVENTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part because at all relevant times Defendant acted with due care, complied with all applicable laws and regulations, and/or otherwise conducted itself reasonably under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part because Defendant is not liable in tort or otherwise to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

NEG is barred from bringing its claims due to its own actions and/or inactions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

NEG is barred from bringing this action due to its unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

NEG's claims are barred based upon laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

NEG is estopped from bringing its claims against Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

NEG is barred from bringing its claims due to the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

NEG is barred from bringing its claims due to its own contributory negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

NEG is barred from bringing its claims due to the applicable statue of limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Some party or parties other than Defendant, over whom Defendant exercised no authority or control and for whom Defendant was not responsible, was the proximate cause of NEG's alleged injuries.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The injuries and damages claimed by NEG, if any, resulted from an intervening or superseding cause and/or causes.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part because any act or omission on the part of Defendant was neither the actual nor proximate cause of NEG's alleged injuries and damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The subject matter of the Third-Party Complaint is within the primary jurisdiction of the Rhode Island Department of Environmental Management.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by its failure to exercise reasonable diligence in mitigating its alleged damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

NEG's claims are barred in whole or in part by the doctrines of res judicata, issue preclusion, and/or collateral estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant denies any liability, but in the event that Defendant is found to have any liability to NEG, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Third-Party Complaint; (2) any

amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Third-Party Complaint; or (3) the equitable share of liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Third-Party Complaint.

WHEREFORE, Third-Party Defendant City of Fall River prays that the Court:

a. dismiss each of the Third-Party Complaints with prejudice;

b. enter judgment in favor of Defendant;

c. award Defendant its costs and reasonable attorneys' fees; and

d. award such other and further relief as this Court deems fair and just in the circumstances of the case.

**JURY DEMAND**

City of Fall River demands a trial by jury on all issues so triable.

CITY OF FALL RIVER
By its attorneys,

/s/ Anthony F. Muri
Anthony F. Muri (No. 0539)
MURI ASSOCIATES LLC
10 Weybosset Street
Providence, RI 02903
401-421-7300 (voice)
401-421-7352 (facsimile)
amuri@murilaw.com

-and-

Kerry T. Ryan
Emily C. Shanahan
TARLOW, BREED, HART
& RODGERS, P.C.

101 Huntington Avenue
Boston, MA 02199
617-218-2000 (voice)
617-261-7673 (facsimile)
kryan@tbhr-law.com
eshanahan@tbhr-law.com
*Admission pro hac vice pending*

Dated: November 26, 2007

CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007 this Answer to Third-Party Complaint and Jury Demand was filed electronically, that it is available for viewing and downloading from the ECF system, and that each of the following persons has been served by means of the ECF system:

Gregory L. Benik
gbenik@jreri.com

David A. Crichlow
david.crichlow@pillsburylaw.com

Brian R. Cunha
brian@briancunha.com

Christina C. Dodds
CDodds@bishoplondon.com

David M. Goldberg
david.goldberg@pillsburylaw.com, catherine.mcculley@pillsburylaw.com,
judy.way@pillsburylaw.com

Stephen P. Harten
sharten@rbhelaw.com, kpaiva@rbhelaw.com

Eric D. Herschmann
eherschmann@kasowitz.com

Robin-Lee Main
rmain@haslaw.com, sjfoster@haslaw.com

Christopher P. McCormack
cmccormack@pullcom.com

Anthony F. Muri
amuri@murilaw.com

Gerald J. Petros
gpetros@haslaw.com, clomas@haslaw.com

Paul Revere , III
revereiii@aol.com

Paul M. Sanford
psanford@burnslev.com, scook@burnslev.com

Jeanne M. Scott
jeannescott@utrlaw.com

Kristen W. Sherman
ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Kimberly A. Simpson
ksimpson@vetterandwhite.com

Christian Bennett White Stephens
cstephens@taylorduane.com

John A. Tarantino
jtarantino@apslaw.com, dhumm@apslaw.com

Bruce Gregory Tucker
btucker@legalmgt.com

Craig R. Waksler
cwaksler@taylorduane.com

Benjamin V. White , lll
bwhite@vetterandwhite.com

David B. Willis
dwillis@legalmgt.com

David A. Wollin
dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Richard J. Zabbo
rzabbo@rbhelaw.com

David A. Cetola
dcetola@mcrobertslaw.com

Susan B. Forcier
susan.wilson@dem.ri.gov

Heather Spurlock Kennealy
hskennealy@mcrobertslaw.com

Neil T. Leifer
nleifer@tenlaw.com

John J. McConnell , Jr
jmcconnell@motleyrice.com

Robert J. McConnell
bmcconnell@motleyrice.com

Brad J. Mitchell
bmitchell@tenlaw.com

Michael D Mitchell
mmitchell@admin.ri.gov

Jonathan D Orent
jorent@motleyrice.com

Mark W. Roberts
mroberts@mcrobertslaw.com

David E. Ross
dross@kasowitz.com

Gregory S. Schultz
gregory.schultz@dem.ri.gov

Matthew B. Smith
matthew@verdecchialaw.com

Aileen L. Sprague
asprague@motleyrice.com

Christian F. Uehlein
cuehlein@tenlaw.com

Brian A. Wagner
brian.wagner@dem.ri.gov

Lewis S. Wiener
lewis.wiener@sablaw.com

I further certify that the following were served by U.S. mail, postage prepaid, at the addresses noted:

Matthew B. Kirsner
Andrew G. Mauck
Troutman Sanders, LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

Seth Davis
Noelle Kowalczyk
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Michael K. Marran
P.O. Box 6067
321 South Main St.
Suite 200
Providence, RI 02940-6067

*/s/ Anthony F. Muri* .
Anthony F. Muri, Esq.