December 20, 2007

The Honorable Ernest C. Torres
United States District Court Judge
District of Rhode Island
1 Exchange Terrace
Providence, RI 02903

Re: *Gail Carvello, et al., Plaintiffs, vs. New England Gas Company, Inc., Defendant and Third-Party Plaintiff, vs. Bridgestone Firestone North American Tire, LLC, et al.,* C.A. No. 05-0221T, in the United States District Court for the District of Rhode Island

To the Honorable Judge Torres:

The Third-Party Defendants write to respectfully request a status conference as soon as possible to discuss the discovery process and the other procedural complexities of this case resulting from New England Gas Company's ("NEGC") relatively recent Third-Party Complaint, which added nine new parties to a 2 1/2 year old lawsuit. Time is of the essence, because the Third-Party Defendants are expending significant costs and resources on deposition discovery without knowing: (i) whether they will remain in this lawsuit; and (ii) whether the current discovery schedule, or the proposed modified schedule discussed before Magistrate Judge Almond at the discovery conference on November 16, 2007, will apply to the Third-Party Defendants. Importantly, the proposed discovery schedules submitted by Plaintiffs and NEGC make no provision for discovery by the Third-Party Defendants to NEGC.

Plaintiffs and Defendant/Third-Party Plaintiff NEGC have been litigating this case since May 20, 2005. Plaintiffs allege that NEGC contaminated their soil and caused property damage throughout Tiverton, Rhode Island due to decades of dumping coal gasification waste.

NEGC filed a Third-Party Complaint in September 2007. Many, if not all, of the allegations purportedly supporting NEGC's contribution complaint against the Third-Party Defendants are asserted on "information and belief," with almost no specific factual allegations set forth in the pleading regarding acts or omissions actually taken by the respective Third-Party Defendants -- despite the fact that NEGC has engaged in substantial discovery against the Third-Party Defendants.

Plaintiffs' filed a Motion to Sever the Third-Party Complaint on October 5, 2007. Plaintiffs' Motion to Sever emphasizes that neither the plaintiffs, ***nor*** NEGC, have any evidence that any of the Third-Party Defendants dumped any waste in the Moratorium area at issue in this lawsuit. Plaintiffs' also argue that NEGC's Third-Party Complaint will unduly complicate the discovery process. The Court sought responses to the Motion to Sever from all of the Third-Party Defendants after the parties discussed the issue with Magistrate Judge Almond during the November 16th discovery conference. In response to the Motion to Sever, many of the Third-Party Defendants either adopted Plaintiffs' position or sought a hearing for clarification as to how exactly a severance would operate procedurally.

The Dominion Entities (Dominion Energy Brayton Point, LLC and Dominion Resources, Inc.) filed a Motion to Stay/Transfer and a Counterclaim on October 31, 2007. The Dominion Entities argue that the Third-Party Complaint is barred by the terms of a Bankruptcy Court Order whereby the Brayton Point power plant was sold in late 2004, and that NEGC (as a creditor in that bankruptcy) should be enjoined from pursuing its third-party claims against the Dominion Entities here. The Motion to Stay/Transfer is set for hearing on January 22, 2007.

Meanwhile, discovery in the case-in-chief is continuing, and NEGC has begun taking the depositions of all 120 Plaintiffs. The Plaintiff depositions have occurred on a daily basis since the first week in December. On most days, the depositions are double-tracked in an effort to meet the February 29, 2008 discovery cutoff. NEGC has already noticed 30 depositions for January 2008. The Court may not be aware of the hundreds of man-hours expended by the Third-Party Defendants since the November 16, 2007 discovery conference simply by attending these depositions. Each deposition lasts approximately six hours.

The depositions are forcing the Third-Party Defendants to incur excessive costs. The Third-Party Defendants find themselves in the difficult position of allocating massive resources without knowing whether they will ultimately be severed from this lawsuit. At the same time, the Third-Party Defendants are concerned that if they choose not to participate, such a position could be prejudicial if the Court denies the Motion to Sever. The Third-Party Defendants also believe it is unfair to be required to participate in Plaintiff discovery when the Third-Party Defendants have not been granted the opportunity to take any discovery of NEGC to determine the basis of NEGC's claims. Finally, because of the eleventh hour filing of the NEGC Complaint, there is also the concern/realization that the Third-Party Defendants cannot possibly fully participate in discovery and be ready to defend the third-party claims at a trial in the spring of 2008.

For all of the foregoing reasons, the Third-Party Defendants respectfully request a status conference to address the discovery process and to address the Motion to Sever. Thank you for your time and consideration.

Respectfully yours,

Gulf Oil Corporation, Inc., now known as Chevron U.S.A. Inc.
Bridgestone Firestone North American Tire, LLC
Bridgestone Americas Holdings, Inc.
Honeywell International, Inc.
Town of Tiverton
Inland Fuel Terminals, Inc.
Dominion Resources, Inc.
Dominion Energy Brayton Point, LLC
(signature blocks follow)

c: The Honorable Magistrate Judge Lincoln D. Almond
District of Rhode Island
1 Exchange Terrace
Providence, RI 02903

By: /s Bruce B. Tucker

Bruce B. Tucker (0563)
55 Hammarlund Way
Middletown, RI 02842
401-843-8400

David A. Crichlow *(pro hac vice)*
David Goldberg *(pro hac vice)*
1540 Broadway
New York, NY 10036-4039
(212) 858-1000
PILLSBURY WINTHROP SHAW
PITTMAN LLP

**Attorneys for**
Gulf Oil Corporation, now
known as Chevron U.S.A. Inc.

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*Counsel for Third-party Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc*

Jeffrey S. Bromme, Esq.
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (FAX)
Jeffrey.Bromme@aporter.com

*Counsel for Third Party Defendants and Counterclaim Plaintiffs*
HONEYWELL INTERNATIONAL INC.

*/s/Jeanne M. Scott*

Jeanne M. Scott, Esq. (#6178)
Ursillo, Teitz & Ritch, Ltd
2 Williams Street
Providence, RI 02903

(401) 331-2222
(401) 751-5257 (facsimile)
jeannescott@utrlaw.com

THIRD PARTY DEFENDANT
INLAND FUEL TERMINALS, INC.

By: ______________________________

Christopher P. McCormack
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone 203 330 2000
Facsimile 203 576 8888
email cmccormack@pullcom.com
Its Attorneys

Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23218-1122

*Counsel for Third Party Defendants and Counterclaim Plaintiffs Dominion Energy Brayton Point, LLC and Dominion Resources, Inc.*