# EXHIBIT 1

**Kerry T. Ryan**

**From:** Kerry T. Ryan
**Sent:** Friday, November 30, 2007 6:06 PM
**To:** 'David Ross'
**Cc:** amuri@murilaw.com; Emily C. Shanahan
**Subject:** discovery letter

**Attachments:** AR-BC320_20071130_174335_2056.pdf

AR-BC320_20071130_174335_2056....

Please see the attached.

TARLOW BREED
HART & RODGERS, P.C.
*Counsellors at Law*

**Kerry T. Ryan**
Direct Dial: (617) 218-2027
E-mail: kryan@tbhr-law.com

November 30, 2007

**By E-mail & First Class Mail**

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

RE: *Corvello, et al. v. New England Gas Company, Inc., et al.*,
Civil Action No. 05-221T (Lead Case) (D.R.I.)

Dear David:

The City of Fall River ("the City") is in receipt of New England Gas Company's ("NEGC") Rule 26 initial disclosures dated November 15, 2007. I am writing to request that NEGC supplement and/or explain its disclosures to clarify what discoverable information NEGC may have to support its claims against the City.

In its disclosures, NEGC identified potential fact witnesses by, among other things, listing seventeen entities the current or former employees of which may have discoverable information that NEGC may use to support its claims or defenses in this matter. NEGC, however, has not identified the subjects of discoverable information that each such witness possesses, as required by Fed. R. Civ. P. 26(a). As a result, the City cannot assess which of these potential fact witnesses possesses discoverable information that NEGC may use to support its claims against the City. NEGC's disclosures are inadequate for the further reason that the disclosures fail to identify the specific employees of these entities. Accordingly, the City asks that NEGC, as required by Fed. R. Civ. P. 26(a), supplement its disclosures with the names and addresses of such persons who may possess discoverable information relating to NEGC's claims against the City. For example, it is the City's understanding that NEGC engaged Vanasse Hangen Brustlin, Inc. ("VHB") and ENVIRON Health Sciences Institute ("ENVIRON") in connection with the Rhode Island Department of Environmental Management's ("RIDEM") investigation of the Bay Street Area. NEGC should be able to identify with particularity the employees of these firms who possess information relevant to NEGC's claims against the City.

NEGC also has failed to identify adequately the documents, electronically stored information, and tangible things that NEGC may use to support its claims against the City. In

particular, NEGC's disclosures do not provide a sufficient description of the categories of such documents. As the Advisory Committee Notes explain, the rule requires that the disclosure "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, . . . sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." NEGC's disclosures fail to satisfy that standard. NEGC's overly broad descriptions – for example, "Documents of the Fall River Gas Company and its predecessors," or "All documents produced pursuant to subpoenas" – do not provide the City with sufficient information to determine which of these documents NEGC may use to support its claims against the City; to assess which of these documents the City should examine at this time; or to craft document requests that will target documents relevant to NEGC's claims against the City and the City's defenses to those claims.

The City looks forward to receiving shortly copies of the insurance policies that NEGC indicated in its disclosures would be provided under separate cover.

I am available at your earliest convenience to discuss this matter further. In the event we are unable to reach an agreement regarding NEGC's supplementation and/or clarification of the deficiencies in its initial disclosures, the City reserves its right to seek to compel the production of complete disclosures by NEGC pursuant to Fed. R. Civ. P. 37. Please be advised that this letter constitutes the City's attempt to confer under Fed. R. Civ. P. 37.

Thank you for your cooperation. I look forward to speaking with you soon.

Very truly yours,

Kerry T. Ryan

cc: John J. Coughlin, Esq.
Anthony F. Muri, Esq.
Emily C. Shanahan, Esq.

EXHIBIT 2

**Kerry T. Ryan**

---

**From:** Kerry T. Ryan

**Sent:** Wednesday, December 19, 2007 5:42 PM

**To:** 'David Ross'

**Cc:** Seth Davis; Noelle Kowalczyk; amuri@murilaw.com; Emily C. Shanahan

**Subject:** disclosures

David,
I have not heard back from you on the issues raised in my letter of November 30, 2007 concerning the inadequate disclosures previously served by New England Gas Company and the follow up conference that you, Seth and I had following a deposition. At the end of our conference I understood that the two of you were going to discuss this with Noelle and then respond. I'd appreciate you getting back to me by the end of the week. Thank you. Kerry

EXHIBIT 3

**RECEIVED**
By Anthony F. Muri at 5:25 pm, Nov 16, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, ET AL.,<br><br>Plaintiffs,<br><br>- against -<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>- against -<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; ET AL.,<br><br>Third-Party Defendants. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**DEFENDANT NEW ENGLAND GAS COMPANY'S RULE 26(a)(1) DISCLOSURES TO THIRD-PARTY DEFENDANTS**

Defendant, New England Gas Company ("NEGasCo"), through its undersigned counsel, hereby makes the following disclosures to the third-party defendants pursuant to Rule 26(a)(1)(A), (B) and (D) of the Federal Rules of Civil Procedure.

Rule 26(a)(1)(A) Disclosure

NEGasCo identifies the following individuals or organizations who may have discoverable information that may be used to support NEGasCo's defenses (unless solely for impeachment):

Plaintiffs

1. All plaintiffs identified in Corvello, et al. v. New England Gas Company, Inc., C.A. No. 05-221T.
2. All plaintiffs identified in Burns, et al. v. New England Gas Company, C.A. No. 05-274T.
3. All plaintiffs identified in Bigelow, et al. v. New England Gas Company, C.A. No. 05-370T.
4. All plaintiffs identified in Reis, et al. v. Southern Union Company, C.A. No. 05-522T.

Additional Fact Witnesses

1. Additional fact witnesses identified in plaintiffs' Rule 26(a)(1)(A) disclosure in Corvello et al v. New England Gas Company, Inc., C.A. No. 05-221T, and related actions.
2. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the Rhode Island Department of Environmental Management ("RIDEM"). RIDEM's address is 235 Promenade Street, Providence, Rhode Island 02908, (401) 222-6800. The home address(es) of employee(s) or representative(s) of RIDEM is currently unknown.
3. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the Rhode Island Department of Health ("RIDOH"). RIDOH's address is 3 Capitol Hill, Providence, Rhode Island 02908, (401) 222-2231. The home address(es) of employee(s) or representative(s) of RIDOH is currently unknown.
4. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the United States Department of Environmental Protection ("EPA") Region 1. The EPA Region 1 address is One Congress Street, Boston, Massachusetts 02114, (888) 372-7341. The home address(es) of employee(s) or representative(s) of EPA is currently unknown.
5. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the Town of Tiverton, Rhode Island. The Town of Tiverton's address is 343 Highland Road, Tiverton, Rhode Island 02878, (401) 625-6710. The home address(es) of employee(s) or representative(s) of the Town of Tiverton is currently unknown.
6. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the City of Fall River, Massachusetts. The City of Fall River's address is One Government Center, Fall River, Massachusetts, (508) 324-2000. The home address(es) of employee(s) or representative(s) of the City of Fall River is currently unknown.
7. Persons (identities currently undetermined or unknown) who are now or were formerly associated with Starwood Tiverton, LLC. Starwood Tiverton's address is 1793 Main Road, Tiverton, Rhode Island 02878, (401) 624-2972. The home address(es) of employee(s) or representative(s) of Starwood Tiverton, LLC is currently unknown.
8. Persons (identities currently undetermined or unknown) who are now or were formerly associated with Vanasse Hangen Brustlin, Inc. ("VHB"). VHB's address is 530 Broadway, Providence, Rhode Island, (401) 272-8100. The home address(es) of employee(s) or representative(s) of VHB is currently unknown.
9. Persons (identities currently undetermined or unknown) who are now or were formerly associated with Woodard and Curran, Inc. Woodard and Curran's address is 980 Washington Street, Suite 325 Dedham, Massachusetts 02026,

(800) 446-5518. The home address(es) of employee(s) or representative(s) of Woodard and Curran is currently unknown.

10. Persons (identities currently undetermined or unknown) who are now or were formerly associated with Fuss and O'Neil, Inc. Fuss and O'Neil's address is 275 Promenade Street, Suite 350, Providence, Rhode Island 02908, (401) 861-3070. The home address(es) of employee(s) or representative(s) of Fuss and O'Neil is currently unknown.

11. Persons (identities currently undetermined or unknown) who are now or were formerly associated with GeoInsight, Inc. GeoInsight's address is 5 Lan Drive, Suite 200, Westford, Massachusetts 01886, (978) 692-1114. The home address(es) of employee(s) or representative(s) of GeoInsight is currently unknown.

12. Persons (identities currently undetermined or unknown) who are now or were formerly associated with ENSR. ENSR's address is 2 Technology Park Drive, Westford, Massachusetts 01886, (978) 589-3000. The home address(es) of employee(s) or representative(s) of ENSR is currently unknown.

13. Persons (identities currently undetermined or unknown) who are now or were formerly associated with Ransom Environmental Consultants, Inc. ("Ransom"). Ransom's address is 1445 Wampanoag Trail, Suite 108A, East Providence, Rhode Island 02915, (401) 433-2160. The home address(es) of employee(s) or representative(s) of Ransom are currently unknown.

14. Persons (identities currently undetermined or unknown) who are now or were formerly associated with ENVIRON Health Sciences Institute ("ENVIRON"). ENVIRON's address is P.O. Box 2424 Amherst, Massachusetts 01004, (413) 256-3556. The home address(es) of employee(s) or representative(s) of ENVIRON is currently unknown.

15. Persons (identities currently undetermined or unknown) who are now or were formerly associated with EA Engineering, Science, and Technology, Inc. ("EA Engineering"). EA Engineering's address is 2350 Post Road, Warwick, Rhode Island 02886, (401) 736-3440. The home address(es) of employee(s) or representative(s) of EA Engineering is currently unknown.

16. Persons (identities currently undetermined or unknown) who are now or were formerly associated with South Coast Environmental - Finsness Environmental. Finsness Environmental's address is 206 Palmer Street, Somerset, Massachusetts 02726, (508) 679-2002. The home address(es) of employee(s) or representative(s) of Finsness Environmental is currently unknown.

17. Persons (identities currently undetermined or unknown) who are now or were formerly associated with the Environmental Neighborhood Awareness Committee of Tiverton ("ENACT"). ENACT's address is 190 Bay Street, Tiverton, Rhode Island, (401) 624-8648. The home address(es) of employee(s) or representative(s) of ENACT is currently unknown.

18. Persons and entities (identities currently undetermined or unknown) who are now or were formerly associated with Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.; Honeywell International, Inc.; the Town of Tiverton, Rhode Island; Gulf Oil Corporation; Inland Fuel Terminals, Inc.; Dominion Resources, Inc.; Dominion Energy Brayton Point,

LLC; and the City of Fall River, Massachusetts who caused, contributed to, or bear responsibility for any alleged contamination in the Bay Street Area of Tiverton, Rhode Island.

19. Persons (identities currently undetermined or unknown) who have conducted environmental testing or other testing of materials, land, water, or any other substances in the Bay Street Area.

Rule 26(a)(1)(B) Disclosure

NEGasCo identifies by category the following documents, data compilations and tangible things that are in the possession, custody or control of NEGasCo that NEGasCo may use to support their claims or defenses (unless solely for impeachment), which are available for inspection and copying at the offices of NEGasCo's counsel, Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903:

1. Documents of the Fall River Gas Company and its predecessors.
2. Reports, studies, analyses and supporting materials concerning the Bay Street Area.
3. All documents produced by plaintiffs.
4. All documents produced pursuant to subpoenas.
5. Town Hall Meeting Minutes of the Town of Tiverton, Rhode Island.

Rule 26(a)(1)(D) Disclosure

NEGasCo identifies for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To be provided under separate cover.

The foregoing are based upon NEGasCo's investigation to date. NEGasCo reserves its right to amend or supplement this disclosure.

Dated: November 15, 2007

Respectfully Submitted,

**ADLER, POLLOCK & SHEEHAN P.C.**

By: ______________________
John A. Tarantino (#2586)
David A. Wollin (#4950)

Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*