**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al., | ) |
| *Plaintiffs,* | ) |
| v. | ) |
| NEW ENGLAND GAS COMPANY, INC., | ) |
| | ) C.A. No. 05-221T |
| *Defendant and Third-Party Plaintiff,* | ) (Consolidated case nos: 05-274T, |
| | ) 05- 370T, 05-522T) |
| v. | ) |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAN HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; DOMINION ENERGY BRAYTON POINT LLC, and THE CITY OF FALL RIVER | ) |
| *Third-Party Defendants.* | ) |

**PLAINTIFFS' RESPONSE TO RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO NEW ENGLAND GAS COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

On October 31, 2007, New England Gas Company ("NEG") moved for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) requesting the Court hold that NEG cannot be required to remediate the Plaintiffs' properties as the (i) regulation of the cleanup of contamination lies within the exclusive jurisdiction of the Rhode Island Department of Environmental Management ("RIDEM"), and (ii) Plaintiffs are not entitled to this relief under their common law claims due to the doctrines of pre-emption and abstention. On November 19, 2007, the Plaintiffs filed their opposition requesting NEG's motion be denied because NEG's arguments are in contravention to well established Rhode Island law; which permits the Court to

require NEG under both common and statutory law to remove the contamination and abate the nuisance. On December 17, 2007, RIDEM, accepting the Court's invitation, filed its (1) Motion to intervene for the limited purpose of responding to NEG's Motion, and (2) Response to New England Gas Company's Motion for Partial Judgment on the Pleadings (hereinafter referred to as "*RIDEM's Response*"). While the Plaintiffs agree with RIDEM that the Court unequivocally has the power to order NEG to abate the nuisance on the Plaintiffs' properties, the Plaintiffs dispute RIDEM's contention that the Court must defer to RIDEM's authority to select, regulate and oversee the remediation process itself. In support of their response, the Plaintiffs submit the following Memorandum:

MEMORANDUM

## I. RIDEM and Plaintiffs Agree that the Court has the Power to Abate the Nuisance and Require NEG to Remediate the Plaintiffs' Properties

In its Response, RIDEM states that the "Plaintiffs in this matter have presented a claim for nuisance, and RIDEM does not dispute that the Court has well-established jurisdiction and authority to award injunctive relief in the form of an abatement of the nuisance should the Court find that the claim is valid and a nuisance exists under these circumstances." See *RIDEM's Response*, p. 5. Additionally, RIDEM disagrees with NEG's contention that the Court, under the Buford abstention doctrine, must abstain from considering whether the Court can abate the nuisance because such action would interfere with the RIDEM Administrative Adjudication Division ("AAD"). Id. at p. 6. To the contrary, RIDEM agrees with the status of Rhode island law presented in the Plaintiffs' Opposition that, "the court may, in its discretion, consider and decide on Plaintiff[s'] nuisance claims, and that should the Court find the presence of a nuisance, the Court may order [NEG] to perform a remediation of Plaintiff[s'] property." Id.; see also *Memorandum in Support of Plaintiffs' Opposition to Defendant's Motion for Partial Judgment on the Pleadings*.

**II. The Court has the Authority Select Authorize the Investigation and Remediation of the Plaintiffs' Contaminated Properties as Long as The Investigation and Remediation is Consistent with Rhode Island Environmental Laws and Overseen by RIDEM**

Rhode Island courts have recognized for almost a century that public nuisance allows for the abatement of environmental contamination.[1] See Payne & Butler v. Providence Gas Co., 31 R.I. 295, 310, 77 A. 145, 151 (1910) (holding a manufacturer liable to any person who is injured for allowing waste to contaminate State waters); See also Braun v. Iannotti, 57 R.I. 194, 189 A. 25 (1937) (public nuisance created by emitting smoke and soot from smokestack); Wood v. Picillo, 443 A.2d 1244 (R.I. 1982) (Rhode Island Supreme Court issued one of the seminal opinions considering the applicability of public nuisance to a modern environmental contamination case); Pine v. Shell Oil Co., 1993 WL 389396, *4 (D.R.I. Aug. 23, 1993) (Lovegreen, J) (traditional remedy for public nuisance is abatement).

Despite its repeated assertions, RIDEM provides no specific statutory or case law to support its positions that it (i) fully occupies the field of environmental contamination remediation, and (ii) has exclusive power to select and manage the remediation of contaminated properties. RIDEM does not cite any specific reference in the legislative histories of the Industrial Property Remediation and Reuse Act, R.I.G.L. §§ 23-19.14-1 et seq. ("IPRRA") and the Hazardous Waste Management Act, R.I.G.L. §§ 23.19.1-1 et seq. ("HWMA") to support its contention that the General Assembly clearly intended for RIDEM to occupy the field of regulating and overseeing contaminated site remediation in the state. See *RIDEM's Response*, p. 5.

In Rhode Island, the General Assembly has been very specific when it grants an agency exclusive authority over a field. For example, the General Assembly specifically granted the

[1] The continued viability of a court's equitable powers to order abatement in public nuisance actions is seen in other jurisdictions as well. State v. Norris, 50 P.3d 595, 599 (Or. App. 2002); State of N.Y. v. Shore Realty Corp., 759 F.2d 1032 (2nd Cir. 1985); Hooker Chemical & Plastics Corp., 118 F.R.D. 321 (W.D.N.Y.1987); Westwood Pharmaceuticals v. National Fuel Gas Distr.Corp., 737 F.Supp. 1272, 1281 (W.D.N.Y.1990); and Scheufler v. General Host Corp., 895 F.Supp. 1513, 1514 (D.Kan.1995).

Public Utilities Commission "*exclusive* power and authority to supervise, regulate and make orders governing the conduct of companies offering to the public in intrastate commerce energy, communication and transportation services, and water supplies…" R.I.G.L. §§ 39-1-1 (emphasis added); Town of East Greenwich v. Narranganset Electric Co., 651 A.2d 725, 729 (R.I. 1994); see also R.I.G.L. §§ 46-23-6(2)(ii)(A) (Coastal Resources Management Council has *exclusive* jurisdiction below mean high water for all development, operations, and dredging within state's coastal regions) (emphasis added); Champlin's Realty Associates, L.P. v. Tillson, 823 A.2d 1162, 1169 (R.I. 2003). Contrastingly, in IPRRA and HWMA, the Legislature did not explicitly provide RIDEM with exclusive authority to remedy environmental contamination. Instead, the Legislature provided RIDEM with *additional* tools to remedy environmental contamination, but nowhere stated an intention to limit the common law tools already available to private parties. The fact that the Legislature did not intend to take away the right for private parties to abate a nuisance is further supported by the fact the Legislature did not repeal R.I. Gen Laws. § 10-1-1, which explicitly gives private parties the right to seek injunctive relief to abate public nuisances when it enacted the HWMA.

While the Plaintiffs agree with RIDEM that the remediation process will be complex and technical, the Plaintiffs plan to put forth expert testimony concerning the proper investigation and remediation necessary to abate the nuisance on their properties. Establishing the level of investigation and remediation that must be achieved before the nuisance will be considered abated would not interfere with RIDEM's statutory duties nor disrupt the state's efforts to establish a coherent policy, provided it is at least as strict as the minimum investigation and remediation allowable under the Rhode Island environmental laws. As RIDEM points out, a Rhode Island court has ordered an injunctive remedy to abate a nuisance in Zanini v. Arboretum Dev. 1988 WL 1017288 (R.I.Super. 1988). RIDEM correctly asserts that the Zanini Court

ordered the defendant to install a drainage system to abate the nuisance on the plaintiff's property. However, RIDEM incorrectly opines that since no details of the drainage system were addressed in the decision, this Court can presume that the Zanini Court left such technical determinations to RIDEM. See *RIDEM's Response*, p. 8-9. The Court's order required that a drainage system be installed that would abate the nuisance and return the Plaintiff to the condition it would have been in but for the nuisance.

Rhode Island environmental laws provide a range of acceptable levels of cleanups from removing all of the contamination back to background conditions to leaving substantial quantities of contamination in the ground and putting an encumbrance on the deed which restricts the activities and uses that can occur on the property. The Plaintiffs are seeking to introduce evidence concerning the level of investigation and remediation that will be necessary to abate the nuisance and return the Plaintiffs to the condition that they would have been in but for the nuisance. Provided the level of cleanup is within the range of standards of cleanup permitted by Rhode Island environmental law the Court has the authority to issue an injunction ordering the standard of investigation and cleanup and then referring it to RIDEM to ensure that the investigation and remediation meets the standard ordered by the Court and is carried out in accordance with all applicable laws, regulations, and RIDEM policies and procedures.

In a similar situation, the Eighth Circuit in Kennedy Building Associates v. Viacom, Inc. found that the district court's injunction requiring the defendant to "remediate the site's soil, groundwater, and building interior so that the previously-placed deed restriction may be removed," was still valid even though the defendant entered into a consent order with the state's environmental protection department on the eve of trial to take responsibility for the cleanup of

the site. 375 F.3d 731,745-748 ("Viacom").[2] The Viacom court did not find the injunction to conflict with the consent order because the consent order did not require the defendant to abate the contaminant levels to any particular level or to make it possible to clear the title restriction. Id. at 746. Likewise, the Court in this case has the authority to set the standard that the investigation and remediation must achieve before the nuisance will be considered abated. See Zanini, 1988 WL 1017288 at *5.

Moreover, it is a well-established principle of nuisance and negligence that an injured party is entitled to be placed as nearly as possible in the position he or she would have occupied had it not been for the defendant's conduct. Emery v. Caledonia Sand & Gravel Co., Inc., 374 A.2d 929, 933 (N.H. 1977), quoting McCormick, Law of Damages, § 137 (1935); see also Reilly v. United States, 863 F.2d 149, 164 (1st Cir. 1988). Under this principle, the Plaintiffs are legally entitled to present evidence concerning the nature and extent of the investigation and remediation that will be needed to, as nearly as possible place the Plaintiffs in the position that they would have occupied had it not been for the Defendant's conduct. Furthermore, the Plaintiffs have suffered with the moratorium for more than five years; they should be able in this action to take control of their lives and have an order issue requiring that their properties be properly investigated and remediated so that the moratorium can be lifted.

## III. Conclusion

For the foregoing reasons, the Plaintiffs respectfully request the Court to deny NEG's Motion for Partial Judgment on the Pleadings.

Dated: January 3, 2008

[2] The Eighth Circuit Court of Appeals did go on to remand the injunction with instructions to modify it to address on-going releases into soil and groundwater.

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

*/s/ Robert J. McConnell*
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

*/s/ Neil T. Leifer*
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

*/s/ Mark W. Roberts*
Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

**CERTIFICATION**

Service upon the following parties was completed electronically via the ECF system on January 3, 2008 pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

*/s/ Mark W. Roberts*
Mark W. Roberts

**Plaintiffs' Counsel Motley Rice & Thornton & Naumes**

Robert McConnell, Esq.
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
bmcconnell@motleyrice.com
(401) 457-7703 (direct)
(401) 457-7700 office
(401) 457-7708

Jonathan D Orent
Motley Rice LLC
321 South Main St.
Providence, RI 02903
(401) 457-7723 direct
Email: jorent@motleyrice.com

David Strouss
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
Email: dstrouss@tenlaw.com

Christian F. Uehlein
Thorton & Naumes, LLP
100 Summer Street
Boston, MA 02110
617-720-1333
Fax: 617-720-2445
cuehlein@tenlaw.com

Aileen L. Sprague, Esq.
Motley Rice LLC
321 South Main Street
2nd Floor
Providence, RI 02903
457-7700
Fax: 457-7708
Email: asprague@motleyrice.com

Neil T. Leifer, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: nleifer@tenlaw.com

Brad J. Mitchell, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: bmitchell@tenlaw.com
(617) 720-1333

Michael A. Lesser, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: mlesser@tenlaw.com

**Plaintiffs' Counsel**

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
ReverelII@aol.com

Brian R. Cunha
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
rzabbo@rbhelaw.com

**Southern Union**

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401-274-7200
dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
617-482-0600
617-482-0604
jtarantino@apslaw.com

Kristen W. Sherman
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
274-7200
Fax: 351-4607
Email: ksherman@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800
dross@kasowitz.com

Seth Davis
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1790
Fax: 212-506-1800

Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800
Email: eherschmann@kasowitz.com

Noelle Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800

Gerald J. Petros
Hinckley, Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
274-2000
Fax: 277-9600
Email: gpetros@haslaw.com

Robin-Lee Main
Hinckley Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-0819
274-2000
Email: rmain@haslaw.com

## INTERESTED PARTIES

**RIDEM**

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Ave, NW
Washington, DC 20004-2415
Tel: 202-383-0140
Fax: 202-637-3593
Cell: 202-299-7992
Email: lewis.wiener@sablaw.com
LEAD ATTORNEY

Gerald J. Pels, Esq.
Sutherland, Asbill & Brennan, LLP
2 Houston Center
909 Fannin, Suite 2200
Houston, TX 77010
Tel: 713-470-6135
Fax: 713-654-1301
gerry.pels@sablaw.com

Patty Allison Fairweather, Esq.
Executive Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
patty.fairweather@dem.ri.gov

Gregory S. Schultz, Esq.
Legal Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
gregory.schultz@dem.ri.gov

Susan B. Forcier
RI Department of Environmental Management
Office of Legal Services
235 Promenade Street
Fourth Floor
Providence, RI 02908
222-6607
Fax: 222-3378
Email: susan.wilson@dem.ri.gov

Brian A. Wagner
RI Department of Environmental Management
Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
222-6607
Fax: 222-3378
Email: brian.wagner@dem.ri.gov

**RI Governor**

Governor Donald L. Carcieri represented by:

Michael D Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
401-222-8339
Fax: 401-222-8244
Email: mmitchell@admin.ri.gov

Governor Donald L. Carcieri represented by:

Matthew B. Smith
Matthew B. Smith, Esq., Attorney At Law
1206 Westminster St.
Providence, RI 02909
272-7277
Fax: 454-5557
Email: matthew@verdecchialaw.com

**THIRD PARTY DEFENDANTS**

Gulf Oil Corporation

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
401-843-8400
Fax: 401-843-8401
Email: btucker@legalmgt.com

Gulf Oil Corporation

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
401-843-8400
Fax: 401-843-8401

Gulf Oil Corporation

David A. Crichlow
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 2212-858-1640
Fax: 212-858-1500

Gulf Oil Corporation

David M. Goldberg
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 215-858-1450
Fax: 917-456-3472

Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:

Benjamin V. White, III Esq.
Kimberly A. Simpson, Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060
Fax: 401-272-6803
bwhite@vetterandwhite.com
ksimpson@vetterandwhite.com

Inland Fuel Terminals, Inc

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
401-831-8330
Fax: 401-831-8359
Email: psanford@burnslev.com

Inland Fuel Terminals, Inc.

Christopher P. McCormack, Esq.
PULLMAN & COMLEY, LLC
850 Main Street P.O. Box 7006
Bridgeport, CT 06601-7006
Phone: 203-330-2016
Fax: 203-576-8888
Email: cmccormack@pullcom.com

Town of Tiverton:

Jeanne M. Scott
URSILLO, TEITZ & RITCH, Ltd.
2 Williams Street
Providence, RI 02903
401-331-2222 Ext. 205
Email: Jeannescott@utrlaw.com

Honeywell International, Inc

Gregory L. Benik, Esq.
Benik & Associates P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
401-454-0054
401-732-5054 facsimile
gbenik@jreri.com

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

Andrew G. Mauck
Troutman Sanders LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

**Matthew B. Kirsner**
Troutman Sanders, LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208
804-697-1449
Fax: 804-698-6001

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
Tel: 401-272-5300
Fax: 401-331-7454
cwaksler@mcgivneyandkluger.com

City of Fall River:

Kerry T. Ryan
Tarlow Breed Hart & Rodgers, P.C.
101 Huntington Avenue
Prudential Center
Boston, MA 02199
Main # 617-218-2000\
Direct Line: 617-218-2027
Kryan@tbhr-law.com