UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY AND REQUEST FOR EXPEDITED HEARING**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37 and Local Rule 7, New England Gas Company ("NEGasCo") submits this Emergency Motion to Compel the production of long overdue responses to interrogatories and requests for production, which were served on plaintiffs over ten weeks ago. Plaintiffs' repeated failure to provide timely and thorough discovery responses has delayed and prejudiced NEGasCo's ability to take and complete the plaintiffs' depositions. NEGasCo asks that this Court order the plaintiffs to produce immediately responses to all outstanding written discovery.

## BACKGROUND

On November 5, 2007, NEGasCo served on plaintiffs interrogatories and requests for the production of documents. These discovery requests were served in anticipation of the deposition

of each of the approximately 149 plaintiffs in this matter. Faced with a discovery closure date of February 29, 2008 – a date selected by plaintiffs and adopted by the Court – the parties recognized that deposition would have to begin and proceed on at least two-tracks, beginning in early December, in order to be completed by the February 29 discovery cut-off date. The parties also recognized that it would be impracticable for NEGasCo to require plaintiffs to provide written discovery responses for all of the 149 plaintiffs within 30 days of the service of this written discovery, as is ordinarily required under the Rules and before the depositions of plaintiffs were scheduled to begin. *See* Fed. R. Civ. P. 33(b)(3) & 34(b).

As a result, with plaintiffs' depositions scheduled to begin on two-tracks on December 3, 2007, the parties agreed that for about the first two weeks of depositions – plaintiffs would produce written discovery for each plaintiff scheduled to be deposed about 48 hours before each plaintiff's deposition. Plaintiffs' compliance with this agreement was lackluster and inconsistent. Often the discovery was not produced until the eve of a scheduled deposition – not 48 hours in advance -- and more often the discovery was incomplete. NEGasCo appreciated that plaintiffs were faced with a challenging task and were extremely patient and accommodating, often deposing a plaintiff with little or no time to review the written discovery before a given plaintiff's deposition.

It has now been over ten weeks since NEGasCo propounded its interrogatories and requests for production, yet plaintiffs have failed to produce written discovery for many of the plaintiffs. And, it is still the case that, when plaintiffs produce written discovery responses, they do so typically on the eve of a scheduled deposition. The failure to produce written discovery responses for many of the plaintiffs six weeks after this discovery was due is not only a violation of the Rules 33 and 34 of the Fed. R. Civ. P., but it is also creating an unreasonable burden on

NEGasCo as it continues to be forced to scramble to review plaintiffs' production shortly before each deposition. NEGasCo's patience has run its course.

NEGasCo, therefore, moves this Court to compel plaintiffs to produce all outstanding written discovery immediately.

## ARGUMENT

Plaintiffs have failed to respond fully and in a timely manner to NEGasCo's document requests and interrogatories propounded under Fed. R. Civ. P. 33 and 34. Although the parties have conferred in good faith on the matter, as required by Rules 26(c) and 37(a)(2), plaintiffs continue to stonewall NEGasCo on the vast majority of its discovery requests. Both document request responses and interrogatory responses are woefully inadequate. Thus, facing over 115 impending depositions and repeatedly being forced to scramble at the 11th hour to review plaintiffs' incomplete productions, NeGasCo has run out of patience.[1] Under Rule 37, "a party may apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Courts will treat "evasive or incomplete" answers and responses pursuant to Rules 33 and 34 "as a failure" to respond. *Id.*; *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 525 (D. Mass. 2007).

NeGasCo requested documents and interrogatory responses ten weeks ago. In an effort to accommodate plaintiffs, NEGasCo agreed to allow plaintiffs to produce written discovery about two days prior to each deposition for roughly the first two weeks, although the Rules did not require such an accommodation. *See* Fed. R. Civ. P. 30, 33 & 34. Unfortunately, plaintiffs have violated this accommodation and have continued to produce written discovery that is either

[1] Attached to this Memorandum as Exhibits A and B are two e-mails from NEGasCo's counsel to plaintiffs' counsel that describe and exemplify plaintiffs' repeated failures to comply with their discovery obligations. *See* E-mail from Cara Ciuffani to Jennifer Bernazani-Ludlum, dated January 10, 2008 (Exhibit A) and E-mail from David Ross to Heather Spurlock Kennealy, dated December 19, 2007 (Exhibit B). In one instance, NEGasCo expressly reserved the right to call back Bay View Holy Ghost Citizens Club to an additional deposition because relevant, discoverable information had yet to be produced for the deposition. *See* Exhibit A. These attachments are merely examples and by no means represent an exhaustive list of the kind of discovery problems faced by NEGasCo.

late, incomplete or both. As a consequence, NEGasCo brings this Emergency Motion to Compel plaintiffs to provide interrogatory responses and responsive, non-privileged documents in a timely and complete fashion.

## CONCLUSION

Based on the foregoing, NEGasCo respectfully requests that the Court grant its Emergency Motion to Compel Responses to Written Discovery.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
John A. Tarantino
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: January 24, 2008

**DEFENDANT NEW ENGLAND GAS COMPANY'S CERTIFICATION FOR THE EMERGENCY MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY**

Defendant New England Gas Company ("NEGasCo") hereby certifies pursuant to Federal Rules of Civil Procedure 26(c) and 37(a) that the NEGasCo's counsel has in good faith conferred with plaintiffs' counsel in attempt to resolve this dispute regarding plaintiffs' responses to written discovery requests. Due to the important nature of this request and the impending discovery schedule, the NEGasCo further respectfully request an expedited hearing to resolve the remaining issues in this motion.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
John A. Tarantino
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: January 24, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Brian A. Wagner
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
State of Rhode Island
Department of Transportation
Two Capital Hill
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
100 Huntington Avenue, Suite 500
Boston, MA 02199

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Legal Management Services LLC
55 Hammerlund Way
Middletown, RI 02842

David A. Crichlow, Esq.
David Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

I hereby certify that on January 24, 2008, a copy of the foregoing New England Gas Company's Emergency Motion to Compel Responses to Written Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main