**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO; et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **C.A. No. 05-221T** |
| **v.** | ) | **(Related Case No. 05-274T, 05-370T, 05-522T)** |
| | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.;** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO COMPEL WRITTEN DISCOVERY AND REQUESTS FOR PRODUCTION**

For two years, the Defendant has avoided conducting any discovery in this case. A mere three months before the close of discovery, and almost a full month after they represented to this Court that they would serve discovery within a week, the Defendant finally began the process of seeking discovery of the Plaintiffs in November 2007. Individual Plaintiffs began serving discovery responses prior to the thirty day time limit to respond so that depositions could commence. Defendant chose to delay serving the discovery requests and chose to time it such that depositions of the individual Plaintiffs commenced less than thirty days later. To date, 74 Plaintiffs have served discovery responses and all Plaintiffs that have been deposed have served discovery responses at least two days prior to their deposition. Despite the obvious burden of producing separate answers for each plaintiff individually[1] and conducting separate depositions of each plaintiff, much progress has been made.

Over the last two months the parties have been diligently working together to complete the written discovery and depositions of more than 120 separate plaintiffs. Discovery has been

[1] It should be noted that in an effort to move this process along the Plaintiffs have not objected to the Defendant's interrogatories on the basis of numerosity. In this case, the Defendant has served approximately 90 interrogatories upon each plaintiff, including subparts. In the event that the Defendants are unwilling to continue this cooperation, the Plaintiffs are prepared to supply answers to the first 30 interrogatories and object to the remainder of the interrogatories as being too numerous under the Federal Rules of Civil Procedure.

progressing smoothly because the parties were able to reach an accommodation whereby the Defendant is provided with the written discovery responses of each Plaintiff a minimum of 48 hours in advance of their discovery deposition. This system is consistent with what both parties represented to the Court would be a workable solution. In short, the system that the parties have devised is working and there is no need to alter it now.

Moreover, Defendant is not prejudiced by the manner in which discovery is progressing because Judge Torres ruled on January 3, 2008 that the discovery due from Plaintiffs at this time—and the scope of the depositions—would be limited to the issue of New England Gas Company liability; and the individual Plaintiffs have few, if any, documents relating to New England Gas Company liability that were not previously produced to the Defendant in the Rule 26 disclosure. The Defendant has suffered no prejudice whatsoever and the Plaintiffs will continue to work diligently to provide timely answers to the Defendant's discovery. Therefore, the Plaintiff asks this Honorable Court to DENY the Defendant's Motion.

**MOTLEY RICE LLC**

Dated: January 30, 2008

s/ Jonathan D. Orent
Jonathan D. Orent (#7408)
Attorney for the Plaintiffs
Motley Rice LLC
321 South Main Street
Providence, Rhode Island 02940
Telephone: (401) 457-7700
Fax: (401) 457-7708
jorent@motleyrice.com