**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GAIL, JOHN D. and John F. CORVELLO, et al,

Plaintiffs,

v. C.A. No. 05-221T

NEW ENGLAND GAS COMPANY, INC.,

Defendant;

KEVIN BURNS, et al.

Plaintiffs,

v. C.A. No. 05-274T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS

Defendants;

COLLEEN BIGELOW, et al.

Plaintiffs,

v. C.A. No. 05-370T

NEW ENGLAND GAS COMPANY, formerly known as
FALL RIVER GAS COMPANY, an
unincorporated division of
SOUTHERN UNION COMPANY,

Defendants;

SHEILA REIS, et al.

Plaintiffs,

v. C.A. No. 05-522T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS
Defendants.

**TRIAL ORDER**

On January 3, 2008, this Court ordered that NEG's third-party claims be tried separately from the Plaintiffs' claims against NEG, and this Court later ordered the parties to show cause why the damages portion of the Plaintiffs' claims against NEG should not be tried separately from the liability portion of those claims.

After carefully considering the parties' responses, this Court finds that fairness and efficiency are best served by trying the liability portion of the claims by the Plaintiffs and the Town of Tiverton separately from the damages portion of those claims but before the same jury(i.e. by bifurcating what previously has been referred to as the Phase I trial) and, if necessary, later trying NEG's third-party claims before a different jury.

Specifically, this Court finds that bifurcating the liability and damages portions of the Phase I trial will greatly simplify the issues; avoid confusion; and eliminate the need to expend time and resources in litigating damages if the jury should find no liability as to some or all of the Defendants. Trying the liability and damages portions of the trial before the same jury also will avoid duplication of evidence and eliminate any concerns regarding the possible infringement of NEG's Seventh Amendment right to a jury trial.

Therefore, it is hereby ORDERED that the Phase I trial will begin on or about April 24, 2008 and will be bifurcated into two stages:

The first stage will address whether NEG is liable to the Plaintiffs and/or the Town and will include consideration of the following issues:

1. Have any coal gasification wastes containing hazardous substances been deposited on or near the Plaintiffs' properties?

2. If so, is NEG responsible for those wastes being deposited there?

3. If so, (a) Have those wastes caused or contributed to the imposition of the moratorium? (b) Have those wastes caused or contributed to the presence of hazardous substances on any of the Plaintiffs' properties? If so, what properties?

If the jury should find liability, the second stage will address the damages incurred by the Plaintiffs and the Town. The second stage may be further bifurcated by grouping

successful Plaintiffs and asking the jury to decide the amount of damages to be awarded to each Plaintiff in a group.

Because, during the conferences conducted in January, the Court discouraged the parties from continuing discovery with respect to damages until a determination was made regarding the stages of the trial, the discovery closure date for the Phase I trial is hereby extended from February 29, 2008 to March 21, 2008 in order to permit the completion of discovery with respect to damages.

Upon completion of the Phase I trial, the parties to the Phase II trial may have 120 days in which to conduct discovery relating to the issues that will be the subject of the Phase II trial.

IT IS SO ORDERED.

Deputy Clerk

ENTER:

Ernest C. Torres

Senior Judge Ernest C. Torres
Date: 2/13/08