UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al. | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases:<br>05-274T; 05-370T; 05-522T) |

**EMERGENCY MOTION OF DEFENDANT NEW ENGLAND GAS COMPANY TO RESET DISCOVERY CLOSURE DATE IN TRIAL ORDER OF FEBRUARY 13, 2008 AND TO RESET JURY EMPANELMENT AND TRIAL DATE**

New England Gas Company, an unincorporated Division of Southern Union Company ("NEGasCo"), hereby objects to the Court's Trial Order of February 13, 2008, and moves the Court to reset the discovery closure date of March 21, 2008, and to reset jury empanelment and the trial date as well. Pursuant to Local Civ. Rule 9, NEGasCo requests that this motion be afforded expedited consideration. The grounds of NEGasCo's Motion are set forth in its accompanying Memorandum of Law.

Dated: February 25, 2008

**ADLER POLLOCK & SHEEHAN P.C.**

By: *_/s/ David A . Wollin_*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2008, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

/s/ *David A. Wollin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al. | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases:<br>05-274T; 05-370T; 05-522T) |

**MEMORANDUM OF LAW IN SUPPORT OF NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO RESET DISCOVERY CLOSURE DATE IN TRIAL ORDER OF FEBRUARY 13, 2008 AND TO RESET JURY EMPANELMENT AND TRIAL DATE**

On January 3, 2008, the Court held a Status Conference at which the Court ordered that New England Gas Company's ("NEGasCo's") third party claims be tried separately from the Plaintiffs' clams against NEGasCo. At the Status Conference, the Court also advised the parties of its then present intention to separately try liability issues in a first trial and then, if necessary, try damages issues in a second trial before a separate jury. In that connection, the Court stated: "We have eliminated from the depositions of the individual Plaintiffs questions about damages being claimed by those Plaintiffs. That will be deferred, assuming that it is decided that a separate trial will be conducted on damages. So, we eliminate questions on damages, and the depositions, for now, will be limited to questions regarding [liability issues] . . . We've also established that, if and when we get to the later stages of the case, the parties would be entitled to re-depose the Plaintiffs on the damages questions." (Transcript of January 3, 2008 Status Conf. ("Tr.") at 71.)

The Court further indicated that the time for Plaintiffs to respond to NEGasCo's outstanding damages interrogatories would also be extended to the later damages discovery phase. (Tr. at 75-77.) During the Status Conference, the Court also recognized that "...if I should determine that damages will not be tried separately, then I guess I could, with great reluctance, postpone the trial and give you a chance to make up for whatever time you lost, two weeks or whatever it's going to be." (Tr. at 63.)

The Court subsequently ordered the parties to show cause why the damages portion of the Plaintiffs' claims against NEGasCo should not be tried separately from the liability portion of the claims. Among other things, in its show cause papers, NEGasCo expressed concerns that the Court's then contemplated Phase I trial plan would infringe on NEGasCo's Seventh Amendment right to a trial by jury.

During the six week period between the Status Conference on January 3 and the Court's issuance of the Trial Order on February 13, NEGasCo conducted 67 depositions of then available Plaintiffs. Consistent with the Court's January 3 directives, NEGasCo did not inquire into any damages issues with any of those 67 Plaintiffs. Plaintiffs' counsel likewise declined to provide NEGasCo with that portion of the Plaintiffs' interrogatory responses and documents that address damage issues. Despite repeated demand, NEGasCo has yet to receive any written damage discovery from about 40 of those Plaintiffs, nor any written discovery responses at all from about 25 of the approximately 45 Plaintiffs yet to be deposed on both liability and damage issues.[1] Plaintiffs have also declined, to date, to disclose the identity of their damages experts, and have failed to produce to NEGasCo any damage expert reports, contending that such reports are not

[1] Relying on a Text Order of Magistrate Judge Almond entered January 31, 2008, plaintiffs maintain that they are not obligated to, and will not, provide written discovery responses to NEGasCo for a particular plaintiff more than 48 hours prior to such plaintiff's scheduled deposition.

due until the new closure date of March 21. (Plaintiffs' counsel have also suggested that they *may* produce such reports by March 10). As regards Plaintiffs' liability experts, only a few days ago did Plaintiffs provide NEGasCo with the scientific test data on which their experts rely, including test sampling on Plaintiffs' properties which have never before been disclosed to NEGasCo and which require substantial new analysis.

In its Trial Order of February 13, 2008, the Court, after consideration of the parties' show cause responses, found that "fairness and efficiency are best served by trying the liability portion of the claims by the Plaintiffs and the Town of Tiverton separately from the damages portion of those claims, but before the same jury (*i.e.*, by bifurcating what previously has been referred to as the Phase I trial) and, if necessary, later trying NEGasCo's third party claims before a different jury."[2]

The Court then ordered that "[b]ecause, during the conference conducted in January, the Court discouraged the parties from continuing discovery with respect to damages until a determination was made regarding the stages of the trial, the discovery closure date for the Phase I trial is hereby extended from February 29, 2008 to March 21, 2008 in order to permit the completion of discovery with respect to damages." The Trial Order did not extend the time for the empanelment or jury trial dates.

[2] In its show cause papers, NEGasCo objected to the Court's proposed Phase I bifurcation plan and NEGasCo asked the Court to adopt NEGasCo's trial plan. For the same reasons, NEGasCo objects to the Court's present Trial Order. In addition, as set forth herein, NEGasCo objects to the Trial Order because it does not provide sufficient time for defendant to complete discovery, prepare and file dispositive motions, and prepare for the combined liability and damages phases of the Phase I trial that will address the claims of more than 120 separate plaintiffs.

**ARGUMENT**

NEGasCo now asks the Court to reset the discovery closure date, along with the empanelment and trial dates. Given that some 100 individual Plaintiffs need to be deposed or re-deposed on damage issues, and given Plaintiffs' extremely belated disclosure of their liability expert reports, and their non-disclosure to date of their damage experts' reports, the February 29 closure date -- now extended to March 21 -- unreasonably curtails NEGasCo's trial preparation. The discovery closure date of March 21 clearly does not allow NEGasCo sufficient time to complete necessary damages discovery – something that the Court has recognized was interrupted by the Court's prior direction to the parties to cease damages discovery. In this regard, and as support for its request, NEGasCo states:

First: NEGasCo has deposed more than 90 of the Plaintiffs, but 67 – or more than two thirds – of those Plaintiffs have not been deposed on the issue of damages, based on the Court's earlier direction not to do so. NEGasCo also has received no written damage discovery for about 40 of those Plaintiffs.

Second: There are about 45 Plaintiffs who still need to be deposed, now with respect to both liability and damages issues, and NEGasCo has not received written discovery for about 25 of those plaintiffs.

Third: NEGasCo had planned to conduct and complete all depositions of Plaintiffs (on the issues of liability) in accordance with the original discovery closure date of February 29, 2008. The Court has now extended the discovery closure date by an additional three weeks, or until March 21, 2008, but NEGasCo respectfully submits that the additional three weeks is not enough time for NEGasCo to re-depose 67 of the Plaintiffs NEGasCo had deposed solely on

issues of liability, as NEGasCo must also complete liability and damages depositions of all remaining Plaintiffs, as well as all remaining fact and expert depositions.

Fourth: NEGasCo reasonably estimates that re-taking many depositions which, at the Court's direction, were limited to liability issues, and also completing all other depositions of the Plaintiffs, now on issues of liability and damages, will require multiple deposition sessions each day, and every day (including weekends) between now and March 21, 2008, while NEGasCo is also preparing for expert depositions, and for other aspects of trial.[3]

Fifth: In accordance with the Court's previous direction, the parties in good faith limited the deposition questioning of the Plaintiffs taken between January 3, 2008 and February 13, 2008 solely to issues of liability. Consequently, NEGasCo did not examine those Plaintiffs on the issue of damages. Each of the Plaintiffs claims damages in these cases, however, and NEGasCo has the right to contest each Plaintiff's damage claim. Moreover, these damages claims will now be part of the Phase I trial (in the event that the jury finds liability as regards each respective Plaintiff).

Sixth: NEGasCo requests that it be given further time to (a) re-depose more than 67 Plaintiffs who have already been deposed on liability issues and to examine them on the issue of damages, and (b) complete the liability and damages depositions of all remaining Plaintiffs – Plaintiffs who have not yet been deposed on any issue. NEGasCo respectfully submits that the additional three weeks by which the Court has extended discovery is not sufficient time to do so.

Seventh: NEGasCo also submits that the three week extension of the closure date does not provide sufficient time to complete expert disclosure and discovery. Plaintiffs have yet to identify, much less disclose the reports of, their multiple damages experts. NEGasCo

[3] NEGasCo estimates that putting aside other fact and expert depositions, it will be necessary to notice and take at least 5 depositions of Plaintiffs per day in order to depose all Plaintiffs on issues of liability and damages within the present March 21, 2008 closure date.

understands that Plaintiffs intend to tender expert reports addressing alleged: diminution in the property values of the 90 respective properties, quantification of the loss of use and enjoyment of the properties by the 120 plus Plaintiffs, emotional distress suffered by the respective Plaintiffs, valuation of the cost to remediate each of the respective properties, and potential personal injury claims being pressed by certain Plaintiffs. The Trial Order thus has the unintended impact of likely doubling the number of experts to be deposed, and doubling the number of expert reports to be generated when compared to what the parties and the Court contemplated on January 3, 2008. In addition, pursuant to Fed. R. Civ. P. 26(a)(2)(C), NEGasCo has 30 days from receipt of Plaintiffs' damage experts reports to render its responsive reports. As matters now stand, however, Plaintiffs do not expect to provide those reports to NEGasCo for weeks. Accordingly, if the Court is inclined to permit Plaintiffs to tender belated damage expert reports, the present closure date does not provide NEGasCo with the minimum thirty days to which it is entitled to prepare and produce its responsive reports. Moreover, if Plaintiffs also delay for weeks in tendering their damage experts' reports, (see FRCP Rule 26), NEGasCo will not have sufficient time to prepare for and complete such experts' depositions within the closure date as now reset.[4]

Eighth: Consequently, NEGasCo submits that on January 3, 2008, when the Court limited depositions to issues of liability, it did so with the understanding that damages would not be part of the Phase I trial. The Court did not intend to prejudice NEGasCo or any party by its liability discovery limitation, and, in fact, the Court recognized that if it later changed its view on

[4] As the Court knows, the parties and DEM have agreed to mediate this case before Professor Eric Green (with Magistrate Judge Lovegreen in attendance), with an organizational session scheduled for March 10 and the mediation set for March 26 and 27. While NEGasCo agrees with the Court that, on the damages side of the ledger, "remediation is at the core" of plaintiffs' claims and plaintiffs' purported monetary damage claims are "the tail wagging the dog" (Transcript of January 31, 2008 Chambers Conf. at 17), it will nevertheless be important if the mediation is to be productive for NEGasCo to have had sufficient time to review plaintiffs' damage experts' reports and to depose such experts. The extension sought herein would provide further time for the mediation process to consider the effect of the damages reports and related expert depositions.

what should be tried in Phase I, prejudice could result from the discovery limitation. Such prejudice – prejudice to NEGasCo – is the unintended consequence of what has happened here. Although NEGasCo understands that the Court is reluctant to postpone the trial, NEGasCo respectfully submits that fundamental fairness, due process and the spirit of the Court's rationale for its rulings at the January 3, 2008 status conference all require that NEGasCo have sufficient time to conclude discovery, file dispositive motions and prepare for the Phase I trial. The Court contemplated as much when it stated at the January 3 hearing that should damages be included with liability in one trial, the Court would, reluctantly, provide the parties with the "lost time" resulting from any such decision.

NEGasCo respectfully urges the Court to reset the closure date, and extend it by an additional 90 days (beyond March 21) to permit adequate time to prepare this case for trial, with corresponding extensions of the dispositive motion, jury empanelment and trial dates, consistent with the Court's other commitments.

Finally: In the event that the Court declines to grant New England Gas' request for additional time, then NEGasCo requests that the Court (a) order that NEGasCo be allowed to notice and take multiple depositions each day to include weekends, and extending beyond normal business hours the time to take such discovery, and (b) order Plaintiffs to produce all damage expert reports to NEGasCo by March 3, 2008; (c) order that NEGasCo shall have 30 days from receipt of Plaintiffs' damage reports to tender its responsive reports; and (d) order the Plaintiffs and their experts appear for their respective depositions on the dates noticed by NEGasCo, so that NEGasCo may attempt to meet the present discovery closure date of March 21, 2008; and (e) extend until April 10 -- 20 days from March 21 -- the parties' time to file dispositive motions.

## CONCLUSION

For the reasons stated, NEGasCo respectfully requests that the Court reset the discovery closure date of March 21, 2008 as set forth in the Court's Trial Order of February 13, 2008, by an additional 90 days. NEGasCo also requests that the Court reset the dispositive motion, jury empanelment and the jury trial dates to dates consistent with an extended discovery closure date and the Court's other commitments.

Dated: February 25, 2008

Respectfully submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

By: *<u>/s/ David A. Wollin</u>*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*

*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2008, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

/s/ *David A. Wollin*

445760_1.doc