AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF **Rhode Island**

**GAIL CORVELLO, et al.**

**v.**

**NEW ENGLAND GAS COMPANY, et al.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] **05-221T, 05-274T, 05-370T, 05-522T**

TO: **Town of Tiverton, 343 Highland Road, Tiverton, RI 02878-4499**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

***See Attached Schedule A***

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ***Hinckley, Allen & Snyder LLP*** ***50 Kennedy Plaza, Suite 1500, Providence, RI 02903*** | ***February 25, 2008*** ***9:00 am*** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***See Attached Schedule A***

| PLACE | DATE AND TIME |
|---|---|
| ***Hinckley, Allen & Snyder LLP*** ***50 Kennedy Plaza, Suite 1500, Providence, RI 02903*** | ***February 25, 2008*** ***9:00 am*** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robin L. Main ***Attorney for Defendant*** | ***February 13, 2008*** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

***Robin L. Main, Hinckley, Allen & Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903 (401) 274-2000***

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

I, Andrew Teitz, of the law firm of Ursillo, Teitz & Ritch, hereby accept aservice of this subpoena on behalf of the Town of Tiverton, Rhode Island.

SERVED BY (PRINT NAME) TITLE

DATE:

## DECLARATION OF SERVER

I declare under penalty under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A persons commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c) (3) (b) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be support by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

**General Instructions**

1. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Town of Tiverton (hereafter referred to as "Deponent") is required to produce all responsive documents that are in its possession, custody or control including, but not limited to, documents in the possession, custody or control of its agents, employees, or representatives.

2. As to any Request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. Deponent's refusal to produce any documents under color of a privilege, or its objection to any particular Request herein, shall in no way excuse deponent from timely production of all other documents requested herein.

4. If, in answering any of these requests, deponent wishes to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you must so specify. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the document was prepared or any date appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names

of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

5. In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, deponent is requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the person(s) requesting and performing the destruction or other disposition.

6. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

7. This subpoena and accompanying document request is continuing in nature and, to the extent that deponent's responses may be enlarged or otherwise modified by information acquired subsequent to the production of the initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

**Definitions**

1. The term "Facility" shall mean that New England Gas Company property located at 120 Charles Street in Fall River, Massachusetts.

2. The term "Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the Sakonnet River; bordered on the north by State Avenue; on the south by Lepes Road and bordered on the east by Church Street.

3. The term "OHS" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq., and regulations promulgated there under, 40 C.F.R. Part 261; and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-10.1-4.

4. The term "Waste Material" shall mean any solid substance produced as a result of the Coal Gasification Process.

5. "You", "Your", and "Deponent" as used herein shall mean the Town of Tiverton ("Tiverton"), employees, agents, subcontractors, independent contractors, and other persons acting for or on behalf of Tiverton.

6. "Document" means writings and recordings as defined by Fed. R. Evid. 1001, and includes, without limitation, any paper or other writing and any item of graphic material, however stored, recorded or reproduced, including all drafts, copies, electronically created, stored, and/or transmitted information or documents, or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes,

work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews, or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimonies, statements, interviews, affidavits, advertisements, bills, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records, intra or inter-office communications, files, electronic data processing cards, tapes, print-outs, papers and/or other recordings, tables, compilations, catalog, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertising, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such material within the foregoing definition.

7. "Communication" includes any written or oral communication, in person, by telephone, by electronic mail, or by any other means. A document transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document was prepared or created by the transferor or addressed to the transferee.

8. "Related to" or "concerning" means directly or indirectly, in whole or in part, evidencing, constituting, mentioning, recording, discussing, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

**Subject Matters Of 30(b)(6) Deposition**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Defendant will depose Tiverton regarding the following subject matters:

1. The construction and maintenance of roads in the Moratorium Area from 1900 to the present.

2. The use of "Tarvia" on the roads in the Moratorium Area from 1900 to the present.

3. The spraying of roads in the Moratorium Area with any oil-based material and/or dust suppressants from 1900 to the present.

4. Road salting in the Moratorium Area from 1900 to the present, including but not limited to the use of any sodium chloride on roads in the Moratorium Area.

5. The use of any road de-icing materials and volume of same purchased by or for Tiverton from 1900 to the present.

6. The Mount Hope interceptor sewer project, including road work, cutting and trenching of roads and associated areas, and any fill material therefor.

7. Any fill used in or removed from the Moratorium Area, including but not limited to on any roads located therein and the filling of any potholes, ruts or heaves therein.

8. Any contract or other type of agreement(s) with John Simpson, Sr., John Simpson, Jr., John Simpson Inc., John Simpson, Jr. General Trucking, and/or any entity owned or controlled by John Simpson, Sr. or John Simpson, Jr.

**Document Requests**

1. All documents related to the Moratorium Area, including but not limited to, all documents related to any communications with any state or federal agency concerning the Moratorium Area, all documents reviewed and/or received by the Tiverton Town Council in connection with the moratorium for the Moratorium Area and Tiverton's decision(s) to continue to ban excavation in the Moratorium Area.
2. All documents concerning any landfill, dump or dumping ground in or near the Moratorium Area.
3. All documents, including but not limited to any reports, studies, analyses, or communications of any kind, that refer or relate to the alleged contamination in the Moratorium Area.
4. All documents concerning any potential source(s) for the alleged contamination in the Moratorium Area.
5. All documents concerning the Fall River Gas Company.
6. All documents comprising historical information that Tiverton provided to the Rhode Island Department of Environmental Management regarding the Moratorium Area.
7. All photographs from 1900 to the present that relate in any way to the Moratorium Area.
8. All documents related to the topics of the 30(b)(6) deposition notice, including but not limited to documents used for the preparation of such deposition.