# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO; et al., *Plaintiffs*, v. NEW ENGLAND GAS COMPANY, INC.; *Defendant.* | C.A. No. 05-221T (Related Case Nos. 05-274T, 05-370T, 05-522T) |

**PLAINTIFFS' RESPONSES TO THE REQUESTS FOR ADMISSIONS TO NEW ENGLAND GAS COMPANY**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Plaintiffs hereby objects and responds to Defendant New England Gas Company ("NEGasCo") First Set of Requests for Admissions and Interrogatory, dated February 20, 2008 (collectively, the "Requests" and individually, a "Request"), as follows:

**GENERAL OBJECTIONS**

Plaintiffs assert the following recurring objections which are incorporated by this reference into their responses to each of the individual requests for admissions:

1. Plaintiffs object to each request for admission and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiffs that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

2. Plaintiffs object to each request for admission to the extent that it is overbroad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to each request to the extent that it seeks information protected by the attorney-client, work product, or other privileges.

4. Plaintiffs object to each request for admission as vague and ambiguous.

5. Plaintiffs object to each request for admission to the extent that it seeks information not in the Plaintiff's care, custody, or control.

**REQUESTS FOR ADMISSION**

1. Admit that no coal gasification wastes containing hazardous substances have been deposited on your property. If you deny No. I, then answer Request for Admission No. 2.

**ANSWER:**

Subject to and without waiving objections, Plaintiffs respond as follows:

For all plaintiffs listed in attached Exhibit A: Deny

For all plaintiffs listed in attached Exhibit B: Plaintiffs lack sufficient information to admit or deny due to the insufficiency of defendant's investigation.

2. Admit that you have no relevant evidence, as defined in Fed. R. Evid. 401, that NEGasCo is responsible for coal gasification wastes containing hazardous substances being deposited on your property.

**ANSWER:**

Subject to and without waiving objections, Plaintiffs respond as follows:

For all plaintiffs listed in attached Exhibit A: Deny

For all plaintiffs listed in attached Exhibit B: Plaintiffs lack sufficient information to admit or deny due to the insufficiency of defendant's investigation. To the extent that such contamination does in fact exist, plaintiffs deny.

3. Admit that no coal gasification wastes containing hazardous substances have been deposited near your property. If you deny No. 3, then answer Request for Admission No. 4.

**ANSWER:**

Subject to and without waiving objections, Plaintiffs respond as follows: Deny

4. Admit that you have no relevant evidence, as defined in Fed. R. Evid. 401, that NEGasCo is responsible for coal gasification wastes containing hazardous substances being deposited near your property.

Exhibit B

**Plaintiff**

Henry M. Beirola
Mark Bouchard
The Marian Bradshaw Revocable Trust
Ellen G. Cabral
John Cabral
Barry C. Carroll
Janice M. Carroll
Antone Custodio
Linda Mello Fournier
Judith Lepage
Raymond Lepage
Michael Macomber
Victoria Macomber
Evelyn Morris
The Simpson Family Trust (Block 24, Lot 25; Block 24 Lot 26; Block 41, Lot 34; Block 181, Lot 1B)
Ernest Simpson
Estate of Georgiana Simpson (Block 24, Lot 25; Block 24 Lot 26; Block 41, Lot 34; Block 181, Lot 1B)
Norma Simpson
Clinton Skarka
Marsha Skarka
Bruce Thompson
Elizabeth Tokarz-Maciel
Lisa Wilt
Robert Lee Wilt Jr.
Cathleen Alvarnas (39 Chace Avenue)
Michael A. Alvarnas (39 Chace Avenue)
Claywell M. Chafton III
Karen A. Chafton
KWC, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant/Third Party Plaintiff

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.,

Third-Party Defendants.

C.A. No. 05-022IT
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF HENRY M. BEIROLA'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO.1: State your full name and any and all other names or nicknames by which you have ever been known, your date and place of birth and your Social Security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Henry M. Beirola, 01/09/1958, Fall River, MA, 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

INTERROGATORY NO.2: Identify the property for which you seek to recover damages as a result of this lawsuit by block and lot number and street address. If you own an interest in the premises, please state for each such interest:

i. the date the interest was conveyed to you;
ii. the identify of any person(s) who also has an interest in the premises and the proportion of their interest(s);
iii. the name and address of the grantor;
iv. the terms of the conveyance, including the purchase price;
v. the nature and extent of any warnings provided by the grantor regarding the property;
vi. a description of any representations made by the grantor concerning the past uses of the premises or the area surrounding the premises;
vii. the location and custodian of all documents relating to the conveyance; and

ii. Treated wood was used in the construction of a deck.
iii. Treated wood was installed during the construction of the deck and it remains in place.
iv. I have had treated wood materials at the property during the time I have resided there.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed by or on behalf of the Plaintiff.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Additionally, the Plaintiff states, see documents regarding contamination produced pursuant to the Plaintiff's Answers to NEGas Co's first request for production of documents. Moreover, the Plaintiff relies upon his counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al., )
Plaintiffs, )
vs. )
NEW ENGLAND GAS COMPANY, )
Defendant/Third Party Plaintiff )
vs. )
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., )
Third-Party Defendants. )

C.A. No. 05-022lT
(Consolidated Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF MARK BOUCHARD'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into his responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

iv. Various times as necessary since the Plaintiff has resided in the home.

Treated wood

i. The Plaintiff does not know the chemical composition of the wood.
ii. The entryway/porches for the front and side doors are comprised of treated wood.
iii. The entryway/porches were installed in 2004 and remain in place.
iv. See answer to subpart iii.

Paving Materials

i. The driveway was paved. The Plaintiff does not know the chemical composition of the paving materials.
ii. The driveway was paved.
iii. The driveway remains in place
iv. During construction in 2004-2005

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been conducted on the property.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Moreover, the Plaintiff relies upon his counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al., )
Plaintiffs, )
vs. )
NEW ENGLAND GAS COMPANY, )
Defendant/Third Party Plaintiff )
vs. )
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., )
Third-Party Defendants. )

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF ELLEN G. CABRAL'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO.1: State your full name and any and all other names or nicknames by which you have ever been known, your date and place of birth and your Social Security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Ellen G. Cabral, 2/28/1964, Kansas City, Mo, 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

INTERROGATORY NO.2: Identify the property for which you seek to recover damages as a result of this lawsuit by block and lot number and street address. If you own an interest in the premises, please state for each such interest:

i. the date the interest was conveyed to you;
ii. the identify of any person(s) who also has an interest in the premises and the proportion of their interest(s);
iii. the name and address of the grantor;
iv. the terms of the conveyance, including the purchase price;
v. the nature and extent of any warnings provided by the grantor regarding the property;
vi. a description of any representations made by the grantor concerning the past uses of the premises or the area surrounding the premises;
vii. the location and custodian of all documents relating to the conveyance; and

Road Salt

i. I do not know the chemical composition of the road salt used. Normal and customary commonly available road salt was used.
ii. The road salt is used to control ice.
iii. The road salt is stored in a bag until utilized.
iv. I have used road salt at the property during the time I have resided there.

Treated Wood Materials

i. I do not know the chemical composition of the treated wood materials. Normal and commonly available wood was used for a deck.
ii. Treated wood was used in the construction of a deck..
iii. Treated wood was installed during the construction of the deck and it remains in place.
iv. I have had treated wood materials at the property during the time I have resided there.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed by or on behalf of the Plaintiff.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves her right to supplement this response. Additionally, the Plaintiff states, see documents regarding contamination produced pursuant to the Plaintiff's Answers to NEGas Co's first request for production of documents. Moreover, the Plaintiff relies upon her counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant/Third Party Plaintiff<br><br>vs.<br><br>BRIDGESTÖNE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.,<br><br>Third-Party Defendants. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**PLAINTIFF BARRY CARROLL'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into his responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

iv. 1998-99.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed on the property on the Plaintiff's behalf.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Moreover, the Plaintiff relies upon his counsels' investigations in this case, including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this issue.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

The Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 10: If you allege a diminution in the fair market value of your property, please describe in detail the nature, extent and amount of any diminution in market value or the rental value of the premises as a result of the alleged contamination of the property. Include in your answer any efforts you have made to sell the property and the identity of all persons with knowledge on the issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, Defendant/Third Party Plaintiff vs. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |

**PLAINTIFF ANTONE CUSTODIO'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into the responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed on the property.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Moreover, the Plaintiff relies upon his counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

The Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 10: If you allege a diminution in the fair market value of your property, please describe in detail the nature, extent and amount of any diminution in market value or the rental value of the premises as a result of the alleged contamination of the property. Include in your answer any efforts you have made to sell the property and the identity of all persons with knowledge on the issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant/Third Party Plaintiff

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.,

Third-Party Defendants.

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF JUDITH LEPAGE'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into her responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed on the property on the Plaintiff's behalf.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves her right to supplement this response.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

The Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 10: If you allege a diminution in the fair market value of your property, please describe in detail the nature, extent and amount of any diminution in market value or the rental value of the premises as a result of the alleged contamination of the property. Include in your answer any efforts you have made to sell the property and the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 10:**

The Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, Defendant/Third Party Plaintiff vs. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |

**PLAINTIFF MICHAEL A. MACOMBER'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO.1: State your full name and any and all other names or nicknames by which you have ever been known, your date and place of birth and your Social Security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Michael A. Macomber, 8/23/1959, Fall River, MA, 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

INTERROGATORY NO.2: Identify the property for which you seek to recover damages as a result of this lawsuit by block and lot number and street address. If you own an interest in the premises, please state for each such interest:

i. the date the interest was conveyed to you;
ii. the identify of any person(s) who also has an interest in the premises and the proportion of their interest(s);
iii. the name and address of the grantor;
iv. the terms of the conveyance, including the purchase price;
v. the nature and extent of any warnings provided by the grantor regarding the property;
vi. a description of any representations made by the grantor concerning the past uses of the premises or the area surrounding the premises;
vii. the location and custodian of all documents relating to the conveyance; and

Fuel Oil

i. I do not know the chemical composition of the fuel oil used.
ii. Fuel oil has been used for the heating of my house.
iii. The fuel oil is stored in a tank in the basement.
iv. I have used fuel oil at the property during the time I have resided there to heat my home.

Petroleum Products

i. I do not know the chemical composition of the petroleum products used. I have used gasoline for my gas powered lawnmower.
ii. The products are used for my lawnmower.
iii. Prior to use, gasoline is stored in a container used to transport gasoline. Unused portions are stored at the property.
iv. I have used petroleum products at the property during the time I have resided there.

Herbicides

i. I do not know the chemical composition of the product Round Up which I have used on my property.
ii. Round Up has been used to control weeds in the driveway.
iii. Round Up is stored in its original container in the shed.
iv. I have used this product over the period of time I have owned the property.

Treated Wood Materials

i. I do not know the chemical composition of the treated wood materials. Normal and commonly available wood was used to trim my walkway.
ii. Treated wood was used in the construction of a trim along my walkway
iii. Treated wood was installed during the construction of a trimmed walkway and it remains in place.
iv. I have had treated wood materials at the property during the time I have resided there.

Paving Materials

i. I do not know the chemical composition of the paving materials used. Normal and commonly available paving materials were used in the paving of my driveway.
ii. The paving materials were used during the installation of my driveway.
iii. The paving materials were used during the installation of the driveway and remain in place.
iv. I have had a paved driveway at the property since the late 1970's.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed by or on behalf of the Plaintiff.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Additionally, the Plaintiff states that his property has not yet been tested although it lies within the moratorium area. See data by Vanasse Hangen Brustlin, Inc. and all other documents regarding contamination produced pursuant to the Plaintiff's Answers to NEGas Co's first request for production of documents. Moreover, the Plaintiff relies upon his counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 10: If you allege a diminution in the fair market value of your property, please describe in detail the nature, extent and amount of any diminution in market value or the rental value of the premises as a result of the alleged contamination of the property. Include in your answer any efforts you have made to sell the property and the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant/Third Party Plaintiff<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.,<br><br>Third-Party Defendants. | C.A. No. 05-022IT<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**PLAINTIFF LINDA M. MELLO FOURNIER'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO.1: State your full name and any and all other names or nicknames by which you have ever been known, your date and place of birth and your Social Security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Linda M. Mello Fournier, 11/24/1963, Fall River, MA, 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

INTERROGATORY NO.2: Identify the property for which you seek to recover damages as a result of this lawsuit by block and lot number and street address. If you own an interest in the premises, please state for each such interest:

i. the date the interest was conveyed to you;
ii. the identify of any person(s) who also has an interest in the premises and the proportion of their interest(s);
iii. the name and address of the grantor;
iv. the terms of the conveyance, including the purchase price;
v. the nature and extent of any warnings provided by the grantor regarding the property;
vi. a description of any representations made by the grantor concerning the past uses of the premises or the area surrounding the premises;
vii. the location and custodian of all documents relating to the conveyance; and

iv. I have used silver polish from time to time since I acquired the property.

Fumigating

i. I do not know the chemical composition of the fumigating products used.
ii. I hade an exterminator treat my house once for fleas.
iii. I product was used by a professional in my home, I do not store it on the premises.
iv. This was done many years ago.

Treated Wood Materials

i. I do not know the chemical composition of the treated wood materials. Normal and commonly available pressure treated wood has been used.
ii. Treated wood was used in the construction of my deck.
iii. Treated wood was installed during the construction of a deck and it remains in place.
iv. I have had treated wood materials at the property during the time I have resided there.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed by or on behalf of the Plaintiff.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves her right to supplement this response. Additionally, the Plaintiff states that her property has not yet been tested although it lies within the moratorium area. See data by Vanasse Hangen Brustlin, Inc. and all other documents regarding contamination produced pursuant to the Plaintiff's Answers to

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, Defendant/Third Party Plaintiff vs. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |

**PLAINTIFF THE SIMPSON FAMILY TRUST'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into its responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

i. the brand name, type, quantity and chemical composition of the substance or material used by you;
ii. the nature and extent of activities in which the substance or material was used;
iii. the manner in which the substance or material was stored or disposed of on the premises; and
iv. the time period during which the substance or material was used on the premises.

**RESPONSE TO INTERROGATORY NO. 6:**

Not applicable; please see the Plaintiff's Response to Interrogatory No. 5.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to the extent this interrogatory seeks attorney-work product. Moreover, the Plaintiff objects to the extent this interrogatory seeks the disclosure of expert reports or opinion prior to the date established by the Court. Without waiving the foregoing objections, Plaintiff states that testing was performed on lot 41-35 by Weston and Sampson, Inc., 5 Centennial Drive, Peabody, MA 01906. Relevant information related to experts was disclosed on February 15, 2008 in accordance with the scheduling orders of the Court.

No testing has been performed on lots 41-34, 181-1B, 24-25, or 24-26 on the Plaintiff's behalf.

Plaintiff reserves its right to supplement this response as to all properties.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves its right to supplement this response. Moreover, the Plaintiff relies upon its counsels' investigations in this

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al., )
)
Plaintiffs, )
)
vs. )
)
NEW ENGLAND GAS COMPANY, )
)
Defendant/Third Party Plaintiff )
)
vs. )
)
BRIDGESTONE FIRESTONE NORTH )
AMERICAN TIRE, LLC, et al., )
)
Third-Party Defendants. )

C.A. No. 05-022IT
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF ELIZABETH TOKARZ-MACIEL'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO.1: State your full name and any and all other names or nicknames by which you have ever been known, your date and place of birth and your Social Security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Elizabeth Tokarz-Maciel, 9/23/1968, Fall River, MA, 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

INTERROGATORY NO.2: Identify the property for which you seek to recover damages as a result of this lawsuit by block and lot number and street address. If you own an interest in the premises, please state for each such interest:

i. the date the interest was conveyed to you;
ii. the identify of any person(s) who also has an interest in the premises and the proportion of their interest(s);
iii. the name and address of the grantor;
iv. the terms of the conveyance, including the purchase price;
v. the nature and extent of any warnings provided by the grantor regarding the property;
vi. a description of any representations made by the grantor concerning the past uses of the premises or the area surrounding the premises;
vii. the location and custodian of all documents relating to the conveyance; and

i. I do not know the chemical composition of the paint used. Normal and customary commonly available latex paints
ii. The paints were used in the necessary amounts for painting my house.
iii. While in use, the products were stored in their original containers. Unused portions are stored at the property.
iv. I have used paints at the property during the time I have resided there.

Pesticides or Rodenticides

i. I do not know the chemical composition of pesticide used. Pesticides were used in the amount necessary for exterminating ants around my house.
ii. The pesticides were used for the control of normal household pests such as ants.
iii. While in use, the products were stored in their original containers. Unused portions are stored at the property.
iv. I have used pesticide at the property during the time I have resided there.

Fuel Oil

i. I do not know the chemical composition of fuel used.
ii. Fuel oil has been used to heat my home.
iii. The oil is delivered by a supplier and stored in a tank in my garage.
iv. The oil furnace is the primary source of heat in my home.

Petroleum Products

i. I do not know the chemical composition of the petroleum products used. I have used gasoline for my gas powered lawnmower.
ii. The products are used for my lawnmower.
iii. Prior to use, gasoline is stored in a container used to transport gasoline. Unused portions are stored at the property.
iv. I have used petroleum products at the property during the time I have resided there.

Herbicides, including weed killer

i. I do not know the chemical composition of herbicide used. Weed killer was used in the necessary amount for killing weeds.
ii. The herbicides were used in the maintenance of the lawn.
iii. While in use, the products were stored in their original containers. Unused portions are stored at the property.
iv. I have used herbicides at the property during the time I have resided there.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;

iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed by or on behalf of the Plaintiff.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves her right to supplement this response. Additionally, the Plaintiff states, see data by Vanasse Hangen Brustlin, Inc. and all other documents regarding contamination produced pursuant to the Plaintiff's Answers to NEGas Co's first request for production of documents. Moreover, the Plaintiff relies upon her counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 10: If you allege a diminution in the fair market value of your property, please describe in detail the nature, extent and amount of any diminution in market value or the rental value of the premises as a result of the alleged contamination of the property. Include in your answer any efforts you have made to sell the property and the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff will respond to this interrogatory at a later time in accordance with the Court's instructions on January 3, 2008.

INTERROGATORY NO. 11: Please state whether you contend, as pled in Paragraph 32(a) of your Second Amended Complaint that FRGC (or its successors) breached its duties by "disposing of and/or releasing hazardous substances, including coal gasification waste material

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al., )
Plaintiffs, )
vs. )
NEW ENGLAND GAS COMPANY, )
Defendant/Third Party Plaintiff )
vs. )
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., )
Third-Party Defendants. )

C.A. No. 05-022IT
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF THE ESTATE OF GEORGIANA SIMPSON RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into its responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

Road Salt

i. Upon information and belief, the Plaintiff did not know the brand or chemical composition of the road salt. The road salt used was always "pet safe". Road salt has been used in amounts necessary for periodic de-icing of the driveway;
ii. De-icing the driveway as required by the weather;
iii. Road salt was stored in the basement in its original container. It was disposed of through use on the driveway;
iv. Road salt was used at the property during the time Georgiana Simpson resided there.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed on the property on the Plaintiff's behalf.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves its right to supplement this response. Moreover, the Plaintiff relies upon its counsels' investigations in this case, including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this issue.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

The Plaintiff is seeking damages which include, but are not limited to, economic damages, diminution of property value, loss of use and enjoyment, emotional distress as well as other legal and equitable remedies.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al., )
Plaintiffs, )
vs. )
NEW ENGLAND GAS COMPANY, )
Defendant/Third Party Plaintiff )
vs. )
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., )
Third-Party Defendants. )

C.A. No. 05-022IT
(Related Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF MARSHA SKARKA'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into her responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

Petroleum Products

i. Gasoline. The Plaintiff does not know the chemical composition of the gasoline;
ii. Fuel for lawn mowing and garden equipment;
iii. Small amounts necessary to fuel the lawn care equipment has been stored in the garage at any one time. All of the product was utilized in the equipment and did not require disposal;
iv. Small amounts have been used on the property during the time the Plaintiff has resided there.

Road Salt

i. The Plaintiff does not know the chemical composition of the ice-melt utilized;
ii. To control ice;
iii. While in use, the product was stored in the original containers. The containers were disposed of via the municipal trash collection when empty;
iv. Various times as necessary during the period when the Plaintiff has resided at the property.

Treated wood materials

i. Pressure treated wood material was used to construct the deck;
ii. To construct the deck;
iii. The deck remains on the property;
iv. Deck was constructed in 2006 and remains on site.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been performed on the property on the Plaintiff's behalf.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant/Third Party Plaintiff

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.,

Third-Party Defendants.

C.A. No. 05-022lT
Consolidated Cases: 05-274T; 05-370T; 05-522T)

**PLAINTIFF BRUCE THOMPSON'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

Plaintiff asserts the following recurring objections which are incorporated by this reference into his responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

iv. The insulation has been installed for the entire time I have resided there.

Paint and Lacquers

i. I do not know the chemical composition of the paint; Benjamin Moore paints were used in normal amounts needed to paint the interior of a home, I am unsure of the exact amount of paint used;
ii. Used for painting the interior of the residence;
iii. The paints were disposed of by the contactor;
iv. The painting was done between April and September of 2005.

Pesticides

v. I do not know the chemical composition or the brand of the pesticides, they are brought in by Griggs and Browne Co., Inc.;
vi. Used for extermination of ants and termites;
vii. The pesticides are disposed of by Griggs and Brown Co., Inc.;
viii. The pesticides are used four times every year for the time I have resided there.

Treated Wood Materials

ix. I do not know the brand of wood; used in normal amounts necessary to build a 13 foot by 28 foot deck;
x. Used in the construction of a deck;
xi. The contractor disposed of any unused materials;
xii. The deck was constructed in 1994.

Paving Materials

xiii. Gravel was used to pave the driveway on the property;
xiv. Used in paving the driveway;
xv. Excess gravel was disposed of by the contactor;
xvi. The driveway was paved in 2004.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

Soils on the site have not been tested. On August 16 2007 I retained Premier Laboratories, 61 Louisa Viens Dr., Dayville, CT 06241, to conduct testing of the well water servicing the property.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves his right to supplement this response. Additionally, the Plaintiff directs the Defendant to data by Premier Laboratory dated July 14, 2004 and August 16, 2007. However, this data is only indicative of the status of the well water and not contamination of the property as a whole, therefore more testing needs to be done. Moreover, the Plaintiff relies upon his counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this claim.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff is seeking damages which include, but are not limited to, economic damages, diminution of property value, loss of use and enjoyment, emotional distress as well as other legal and equitable remedies. Previously, the Plaintiff's property was viewed by, himself, his family and friends as a desirable place to celebrate special occasions and holidays, but this is no longer the case. A dramatic reduction in entertainment at the home, and the cancellation of previously scheduled events such as a wedding reception and large birthday celebration, because of fears of contamination and the restrictions on outdoor activities has occurred to the dismay of the Plaintiff. Additionally, the Plaintiff has been unable to continue landscaping the property, including the expansion of the woodland gardens, because of the restrictions on the property. In addition to the financial implications from being unable to properly maintain the landscaping, this is a disappointment because of all the time and effort that the Plaintiff put in to developing the gardens prior to the contamination issues arising.

As described in the responses herein, the value and marketability of the Plaintiff's property has been compromised by the contamination issues. The Plaintiff has been unable to obtain financing secured by the property. Moreover, because of the restrictions on the property certain necessary improvements, such as the installation of a driveway, were unable to be

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, Defendant/Third Party Plaintiff vs. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | C.A. No. 05-0221T (Consolidated Cases: 05-274T; 05-0370T; 05-522T) |

**PLAINTIFF LISA WILT'S RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure the Plaintiff sets forth these Responses and Recurring Objections to Defendant New England Gas Company's First Set of Interrogatories to Plaintiff.

**RECURRING OBJECTIONS**

The Plaintiff Lisa Wilt (hereinafter referred to as the "Plaintiff" or "Lisa Wilt") asserts the following recurring objections which are incorporated by this reference into her responses to each of the individual interrogatories:

1. Plaintiff objects to each interrogatory and the "Instructions" to the extent that it seeks to impose obligations upon Plaintiff that are inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure.

INTERROGATORY NO.7: If you or anyone acting on your behalf has ever undertaken or authorized any survey, study, research, tests or investigation in order to determine the nature and/or amount of the alleged contamination on your property, please state for each such study, test or investigation:

i. the inclusive dates on which each study, test or investigation was conducted;
ii. the name, address and qualifications of each person or firm who conducted the study, test or investigation;
iii. the results and findings of the study, test or investigation; and
iv. the name and address of the current custodian of all documents relating to the study, test or investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

No testing has been conducted on the property.

INTERROGATORY NO.8: Identify and describe in detail the nature of the alleged contamination on your property. Include in your answer the identity of all persons with knowledge on the issue.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory calls for expert testimony, and the Plaintiff reserves her right to supplement this response. Moreover, the Plaintiff relies upon her counsels' investigations in this case including the relevant legal standards and the review of fact and expert witnesses, medical, scientific and historical information with regard to this issue.

INTERROGATORY NO.9: State in detail all damages that you allegedly have incurred as a result of the alleged contamination of your property. Include in your answer the amount of each category of damages; how you calculated each category of damages, including all computations of each category of damages; and the facts which support your damage calculations.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff is seeking damages which include, but are not limited to, economic damages, diminution of property value, loss of use and enjoyment, emotional distress as well as other legal and equitable remedies, including those described in detail below:

<u>Loss of property value</u>:

The Plaintiff estimates 218 Lepes Road is less than the full market value, but not a total loss. Though she has not performed any research for comparable properties, when the Plaintiff and her husband purchased the property, the real estate agent said that location was a critical factor. A portion of the property is now located within the moratorium area and the neighborhood they live in is viewed as completely contaminated. The Plaintiff is also concerned about her property's proximity to other suspected sites of contamination. Mrs. Wilt believes that